■ ANA DIOGUARDI, Appellant, v MARY L. WEINER et al., Respondents. [733 NYS2d 116] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated July 25, 2001, which denied her motion for summary judgment on the issue of liability and to strike the defendants' affirmative defenses, and, upon searching the record, granted summary judgment to the defendants dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which, upon searching the record, granted summary judgment to the defendants dismissing the complaint, and (2) deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The accident occurred when the plaintiff's vehicle, while stopped at an intersection, was struck from the rear by the defendants' vehicle. The plaintiff asserts that the proximate cause of the accident was the defendant driver's negligence. The defense counsel took "no position" on this issue. Based upon the undisputed facts, the plaintiff is entitled to summary

judgment on this issue (*see, Mendiolaza v Novinski,* 268 AD2d 462).

With respect to the issue of whether the plaintiff suffered a serious injury, the plaintiff's orthopedist submitted an affirmation stating that he examined the films of an MRI of her right shoulder, and determined that the plaintiff suffered a permanent injury resulting from an incomplete tear of her rotator cuff, resulting in adhesive capsulitis. The affirmation of the defendants' doctor did not indicate whether he examined the results of the MRI, and did not address the plaintiff's contention that she suffered an incomplete tear of the rotator cuff of her right shoulder. Accordingly, the defendants failed to establish their entitlement to judgment as a matter of law on this issue (*see, Meyer v Gallardo,* 260 AD2d 556). The defense counsel acknowledged that there was a triable issue of fact as to whether the plaintiff sustained a serious injury. The evidence in the record warrants denial of summary judgment on the issue of serious injury.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.