■ Lee Yuen, Respondent, v Arka Memory Cab Corp. et al., Appellants. [915 NYS2d 529]—

Order, Supreme Court, New York County (George J. Silver, J.), entered April 29, 2010, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claim that he sustained a serious injury as defined by Insurance Law § 5102 (d) to include a significant limitation of use of a body function or system and/or a permanent consequential limitation of use of a body organ or member, unanimously affirmed, without costs.

Contrary to defendants' contention, plaintiff submitted medical evidence in admissible form, including medical affirmations of two doctors who submitted underlying reports, MRI films, notes and records (see Thompson v Abbasi, 15 AD3d 95, 97 [2005]; Gonzalez v Vasquez, 301 AD2d 438 [2003]). Moreover, plaintiff's treating physician and medical expert, Andrew Brown, M.D., averred that he personally reviewed the MRI films and reports, rendering them admissible (see Thompson, 15 AD3d at 97; see Dioguardi v Weiner, 288 AD2d 253 [2001]). Plaintiff also presented evidence that his injuries, consisting of a rotator cuff tear in the left shoulder and cervical disc herniations, with

objective, quantified range of motion limitations and continuing pain years after the accident, constitute serious, permanent injuries (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). Plaintiff adequately explained a 10-month gap in treatment during which time he was being treated for an unrelated condition (see Jacobs v Rolon, 76 AD3d 905 [2010]).

Defendant presented the expert opinions of a radiologist who found degenerative changes in the spine and of an orthopedist, Gregory Montalbano, M.D., who opined that the alleged injuries to plaintiff's cervical spine were degenerative in origin and that the injury to the left shoulder rotator cuff was degenerative and congenital in origin, and could be related to his work as a bus driver and to his obesity.

In opposition, plaintiff presented the expert medical report and opinion of Dr. Brown, who opined that plaintiff's injuries were causally related to the accident, because he was asymptomatic before the accident and the accident involved sufficient force to cause the types of injuries sustained. The record also contains the unsworn postoperative report of the surgeon who operated on plaintiff's shoulder, who confirmed that plaintiff had a rotator cuff tear which was consistent with the accident. Although plaintiff's expert did not expressly address Dr. Montalbano's nonconclusory opinion that the injuries were degenerative and/or congenital in origin, "by attributing the injuries to a different, yet altogether equally plausible, cause, that is, the accident," he rejected the defense expert's opinion and his opinion was entitled to equal weight (Linton v Nawaz, 62 AD3d 434 [2009], affd 14 NY3d 821, 822 [2010]; see also Peluso v Janice Taxi Co., Inc., 77 AD3d 491 [2010]; Jacobs, 76 AD3d 905; Torain v Bah, 78 AD3d 588 [2010]; Feaster v Boulabat, 77 AD3d 440 [2010]; contra Farrington v Go On Time Car Serv., 76 AD3d 818 [2010]; Lopez v American United Transp., Inc., 66 AD3d 407 [2009]). Concur—Tom, J.P., Sweeny, Freedman, Richter and Abdus-Salaam, JJ.