(March 24, 2011)

■ Teresa Spencer et al., Respondents, v Golden Eagle, Inc., et al., Appellants. [920 NYS2d 24]—

Plaintiffs Teresa Spencer and Lisa Spencer, her sister, allege that they sustained "serious" injuries pursuant to Insurance Law § 5102 (d) when their car was struck in the rear by a vehicle owned and/or operated by defendants. Specifically, they claim "permanent consequential limitation of use of a body organ or member" and/or "significant limitation of use of a body function or system" and/or nonpermanent "medically determined injury or impairment . . . [preventing them] from performing

substantially all of . . . [their] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

By notice of motion dated February 17, 2009, defendants moved for summary judgment dismissing the complaint against them. By decision and order dated March 11, 2010, the trial court denied defendants' motion on grounds that, inter alia, defendants' orthopedic expert "failed to disclose the testing methods used to determine that plaintiffs' ranges of motion were essentially normal." We affirm the motion court's denial of summary judgment, although we do so on different grounds.

To prevail on a motion for summary judgment, the defendant has the initial burden to present competent evidence showing that the plaintiff has not suffered a "serious injury" (*see Rodriguez v Goldstein*, 182 AD2d 396 [1992]). Such evidence includes " 'affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff's claim' " (*Shinn v Catanzaro*, 1 AD3d 195, 197 [2003], quoting *Grossman v Wright*, 268 AD2d 79, 84 [2000]). Where there is objective proof of injury, the defendant may meet his burden upon the submission of expert affidavits indicating that plaintiff's injury was caused by a pre-existing condition and not the accident (*Farrington v Go On Time Car Serv.*, 76 AD3d 818 [2010], citing *Pommells v Perez*, 4 NY3d 566 [2005]).

Once the defendant meets his initial burden, the plaintiff must then demonstrate a triable issue of fact as to whether he or she sustained a serious injury (*see Shinn*, 1 AD3d at 197). A plaintiff's expert may provide a qualitative assessment that has an objective basis and compares plaintiff's limitations with normal function in the context of the limb or body system's use and purpose, or a quantitative assessment that assigns a numeric percentage to plaintiff's loss of range of motion (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). Further, where the defendant has established a pre-existing condition, the plaintiff's expert must address causation (*see Valentin v Pomilla*, 59 AD3d 184 [2009]; *Style v Joseph*, 32 AD3d 212, 214 [2006]).

Here, in support of their motion, defendants submitted the affirmations of their orthopedic and radiology experts. Defendants' orthopedic expert concluded that plaintiffs suffered no permanent injury as a result of the accident. His affirmations are based on MRI reports, plaintiffs' medical records, and October 2008 examinations of the plaintiffs. Initially, we note

that contrary to the motion court's finding, defendants' orthopedic expert properly provided objective bases for his conclusions that plaintiffs' ranges of motion were normal (*see DeLeon v Ross*, 44 AD3d 545 [2007], citing *Toure*, 98 NY2d at 350). The defendants' orthopedic expert's reports listed the tests he performed and recorded ranges of motion expressed in numerical degrees and the corresponding normal values. Moreover, defendants' radiology expert opined in his reports that the MRI studies were either normal, or indicative of pre-existing and/or degenerative conditions.

In opposition, plaintiffs submitted the affirmations of their treating physician who concluded that they suffer permanent partial disability as a result of the accident. His conclusions are based on medical records documenting their continued treatment since the accident including objective tests that he performed, and diminished ranges of motion that he related to plaintiffs' physical limitations. Furthermore, the treating physician's conclusions regarding causation are supported by medical records, wherein he acknowledges some pre-existing injuries but attributes specific other injuries to the accident. Additionally, plaintiffs' contemporaneous MRI reports, in contrast to defendants' expert's reports, do not characterize their injuries as degenerative (*see Jacobs v Rolon*, 76 AD3d 905 [2010]).

Therefore, we find that plaintiffs have raised a triable issue of fact as to serious injury and defendants' motion for summary judgment was properly denied. Concur—Gonzalez, P.J., Tom, Catterson, Moskowitz and Richter, JJ.