■ HOPETON GRANT et al., Appellants, v UNITED PAVERS CO., INC., et al., Respondents. [937 NYS2d 20]—

In this action for personal injuries, plaintiff Hopeton Grant (plaintiff) alleges that he sustained a serious injury as a result of a car accident that occurred on September 15, 2007. Plaintiff's vehicle was struck in the rear by a dump truck owned by defendant United Pavers Co., Inc. and operated by defendant Antonio Ricci, while plaintiff attempted to make a left turn.

Plaintiff was removed from the scene by ambulance and taken to a nearby hospital, where he was treated, stayed for a few days due to his blood pressure and released.

Plaintiffs commenced this action alleging that plaintiff sustained a serious injury under Insurance Law § 5102 (d). Defendants subsequently moved for summary judgment dismissing the complaint based on the degenerative nature of plaintiff's injuries so that he would not be able to establish that the automobile accident caused his injuries. Defendants further argued that any injuries plaintiff sustained were resolved, and thus not "significant."

Defendants made a prima facie showing that plaintiff's injuries were not permanent or significant because the injuries had resolved and plaintiff had full range of motion in his left knee and cervical and lumbar spine (see Insurance Law § 5102 [d]; Porter v Bajana, 82 AD3d 488 [2011]). On review of plaintiff's MRI films, defendants' radiologist noted that plaintiff suffered from a preexisting degenerative condition and that the motor vehicle accident did not proximately cause his injuries (see Arroyo v Morris, 85 AD3d 679 [2011]; Shu Chi Lam v Wang Dong, 84 AD3d 515 [2011]). These findings establish that any injury to plaintiff's left knee and cervical and lumbar spine was not causally related to the accident (see Depena v Sylla, 63 AD3d 504 [2009], lv denied 13 NY3d 706 [2009]). Thus, the burden shifted to plaintiff to raise a triable issue of fact.

In opposition to defendants' motion, plaintiffs submitted the affirmation of his treating physicians, Dr. Cabatu and Dr. Liebowitz, who both concluded that plaintiff's injuries were caused by the accident. Dr. Cabatu based his opinion on the MRI report and his clinical examinations of plaintiff beginning a few days after the accident and continuing through the date of his affirmation. Dr. Liebowitz also based his opinion on the MRI report and his treatment of plaintiff's left knee, including arthroscopic surgery that an associate performed in March 2009, 18 months after the accident.

Although plaintiff's physicians did not expressly address defendants' expert's conclusion that the injuries were degenerative in origin, by relying on the same MRI report as defendants' expert, and attributing plaintiff's injuries to a different, yet equally plausible cause, plaintiffs raised a triable issue of fact (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [2011]; Linton v Nawaz, 62 AD3d 434, 440 [2009], affd 14 NY3d 821 [2010]). Although "[a] factfinder could of course reject this opinion" (Perl v Meher, 18 NY3d 208 [2011]), we cannot say on this record, as a matter of law, that plaintiff's injuries had no causal connection to the accident.

Plaintiff's deposition testimony that he missed two months from work and that he had significant impairment of his usual and customary activities was insufficient to establish that plaintiff was prevented from performing his usual and customary activities for at least 90 of the 180 days following the accident (Insurance Law § 5102 [d]; *see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522, 523 [2010]; *Valentin v Pomilla*, 59 AD3d 184, 186-187 [2009]). Concur—Saxe, J.P., Catterson, Moskowitz, Acosta and Renwick, JJ.