■ LAWRENCE WILLIAMS et al., Respondents, v ANDRES PEREZ et al., Appellants. [938 NYS2d 536]—

Defendants have established prima facie that plaintiff Lawrence Williams did not sustain a serious injury of a permanent nature. However, plaintiffs have submitted medical evidence in admissible form, including affirmations of two treating orthopedists, both of whom performed surgical procedures on plaintiff Lawrence Williams within the year following his accident and both of whom performed specific range of motion tests before and after the surgeries. This evidence raises triable issues as to permanent significant or consequential limitations caused by the accident.

Defendants have submitted, inter alia, the affirmed reports of medical experts who, upon examination, found that plaintiff had full range of motion in his shoulders and cervical and lumbar spines and that the MRIs of his neck, back and left shoulder mainly showed degenerative changes (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590 [2011]). They also submitted plaintiff's testimony that his surgeries were successful, that he continued to lift weights, and that he returned to construction work.

However, in opposition, plaintiffs have raised a triable issue

of fact concerning a significant limitation and a permanent consequential limitation with respect to plaintiff's right shoulder. Plaintiff underwent two surgical procedures that were medically related to his accident. The first involved a percutaneous disk ablation for post-traumatic disc disease and lumbar radiculopathy and the second involved arthroscopic surgery to his right shoulder. Contrary to the findings of defendants' experts that plaintiff showed normal range of motion both with regard to his back and shoulder, plaintiffs' experts, Doctors Sebastian Lattuga and Dov J. Berkowitz, both treating orthopedic surgeons, found significantly decreased ranges of motion, and opined that plaintiff continued to have back spasms and weakness and a permanent consequential limitation of the use of his right shoulder. In duly affirmed statements, Dr. Berkowitz specifically attributed the shoulder limitation to the motor vehicle accident on December 10, 2007 and Dr. Lattuga attributed continued back spasms to the same accident. Although plaintiffs' experts did not expressly address defendants' expert's opinion that the injuries were the result of degenerative changes, by relating the injuries to the accident, plaintiffs' physicians raised triable issues of fact (*Perl v Meher*, 18 NY3d 208 [2011]; *Linton v Nawaz*, 62 AD3d 434 [2009], *affd* 14 NY3d 821, 822 [2010]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [2011]).

The evidence that plaintiff missed less than 90 days of work in the 180 days immediately following the accident and indeed otherwise worked "light duty" is fatal to the 90/180-day claim (*see Tsamos v Diaz*, 81 AD3d 546 [2011]). Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.