(March 22, 2012)

■ ELIZABETH BIASCOCHEA, Appellant, v GRISEL BOVES et al., Respondents, et al., Defendants. [940 NYS2d 599]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered August 26, 2010, which, to the extent appealed from as limited by the briefs, granted the motion of defendants D&J Service, Inc., D-J Ambulette Service, Inc., and Grisel Boves, and the cross motion of defendant David W. Ramsey, for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion and cross motion denied, and the complaint reinstated with respect to plaintiff's allegations of permanent consequential limitation of use of a body organ or member and/or significant limitation of use of a body function or system.

Defendants met their burden on summary judgment by tendering the affirmed reports of their orthopedist and neurologist (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590 [2011]). Defendants' radiologist's opinions, however, were too equivocal to satisfy defendants' burden with respect to showing degeneration in an effort to disprove causation (see Reyes v Diaz, 82 AD3d 484 [2011]).

In opposition, plaintiff raised a triable issue of fact with respect to her knee injuries. Defendant's radiologist, after reviewing an MRI of plaintiff's knee, made findings which she described as due to either "a tear or prior surgery." However, plaintiff testified that prior to this accident, she never suffered injuries to her left knee. In addition, her treating physician found limitations of motion in her left knee, findings which conflicted with the reports from defendant's physicians, and raised a triable issue of fact (see Jacobs v Rolon, 76 AD3d 905 [2010]).

While plaintiff did not undergo contemporaneous range of

motion measurements, they are not necessary, in light of her visit to Dr. Eliav, two days after her accident, which established the requisite causation (see *Perl v Meher*, 18 NY3d 208 [2011]). Although Dr. Rose did not expressly address defendants' expert's conclusion that the injuries were degenerative in origin, he relied on the same MRI report as Dr. Berkowitz, and attributed plaintiff's injuries to a "different, yet altogether equally plausible, cause" (see *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [2011]), thus raising a triable issue of fact with regard to her left knee injuries (see *Linton v Nawaz*, 62 AD3d 434, 439-440 [2009], *affd* 14 NY3d 821 [2010]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.