■ FARAH A. THOMPKINS, Appellant, v BELKIS V. ORTIZ, Respondent. [943 NYS2d 474]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered April 25, 2011, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of reinstating plaintiff's claims that she sustained a "permanent consequential limitation of use of a body organ or member" and/or a "significant limitation of use of a body function or system," and otherwise affirmed, without costs.

Defendant established his entitlement to judgment as a matter of law in this action where plaintiff suffered injuries to her left foot, ankle and knee as she was exiting a livery cab driven by defendant. Plaintiff alleged that defendant started driving away before she was completely out of the cab, resulting in the car rolling over her foot and the door banging her knee. Defendant submitted an affirmed report of a radiologist who reviewed an MRI of plaintiff's left knee and opined that her condition was degenerative and that there was no evidence of acute or recent injury. Defendant also submitted the affirmed report of an orthopedic surgeon who found that plaintiff's knee, ankle and foot demonstrated full ranges of motion (see *Grant v United Pavers Co., Inc.*, 91 AD3d 499 [2012]).

In opposition, plaintiff raised triable issues of fact. She submitted, inter alia, the report of a radiologist who found that the MRIs showed a partial intrasubstance meniscal tear of the left knee. Plaintiff also submitted reports of her orthopedic surgeon who conducted arthroscopy on her left knee and found meniscal tears, and of an orthopedist who, upon recent examination, found plaintiff had limited ranges of motion in her left ankle and knee and an antalgic gait to the left. The orthopedist also opined that the injuries were permanent and would require further treatment (see *Mitchell v Calle*, 90 AD3d 584 [2011];

*Torres v Villanueva*, 90 AD3d 523 [2011]). The orthopedist adequately addressed the causation issue by opining that the injuries were caused by the accident (*see Perl v Meher*, 18 NY3d 208, 219 [2011]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [2011]).

Dismissal of plaintiff's 90/180-day claim was proper. Plaintiff testified that as a result of the accident, she missed only one day of school (*see e.g. Gaddy v Eyler*, 79 NY2d 955, 958 [1992]). Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ.