■ BRADY ROSARIO, an Infant, by His Father and Natural Guardian, YONEEVY ROSARIO, Appellant, v CHICO CAR INC. et al., Respondents. [944 NYS2d 110]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 22, 2011, which, in an action for personal injuries arising out of a motor vehicle accident, granted the motion of defendants Autorama Enterprises and Manuel A. Reyes and the cross motion of defendants Chico Car Inc. and Farides Perez for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of reinstating plaintiff's claim of serious injury to his lumbar spine, and otherwise affirmed, without costs.

Defendants established prima facie their entitlement to judgment as a matter of law. Although two of defendants' experts found significant limitations in the range of motion of plaintiff's lumbar spine, defendants nevertheless established that plaintiff's alleged injury was not caused by the accident (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589 [2011]). Defendants' radiologist viewed the MRI image of plaintiff's lumbar spine, taken about one month after the accident, and found that it revealed "a congenital variant, a transitional vertebra" that "has no traumatic basis or association with the accident."

Plaintiff, who was seven years old at the time of the accident, raised a triable issue of fact. Plaintiff submitted, inter alia, the affirmation of a doctor who, upon a physical examination and review of plaintiff's medical records, including MRI reports, opined that plaintiff suffered permanent and significant injury to his lumbar spine as a direct result of the accident (*see Pommells v Perez*, 4 NY3d 566, 576, 577 n 5 [2005]; *Williams v Perez*, 92 AD3d 528, 529 [2012]). Moreover, plaintiff adequately explained the alleged gap in treatment. His father testified that

plaintiff attended physical therapy for about five months after the accident, but stopped because it became palliative, his benefits expired, and he could not afford to pay out of pocket (*see Pommells* at 577; *Mercado-Arif v Garcia*, 74 AD3d 446, 447 [2010]).

Defendants met their burden with respect to the 90/180-day claim. Defendants relied on the deposition testimony of plaintiff and his father, and plaintiff failed to raise an issue of fact in opposition (*see Gaddy v Eyler*, 79 NY2d 955, 958 [1992]). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.