■ NATALIE O. DAVIS, Appellant, et al., Plaintiff, v MOHMMED ALNHMI et al., Respondents, et al., Defendants. [946 NYS2d 163]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 3, 2011, which granted defendants Mohmmed Alnhmi and Talia S. Diaz-Alnehmi's motion for summary judgment dismissing plaintiff Natalie Davis's complaint on the ground that she did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, and the motion denied, without costs.

Defendants made a prima facie showing that plaintiff Natalie Davis did not suffer a "permanent consequential limitation of use" or "significant limitation of use" (Insurance Law § 5102 [d]) of her cervical and lumbar spines as a result of the accident. In opposition, Davis raised an issue of fact by submitting affirmed MRI reports showing disc herniation at L5-S1 and multiple cervical disc bulges, an affirmed EMG report revealing radiculopathy, and an affirmation by her treating orthopedist, who repeatedly and recently measured her diminished ranges of motion (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]).

Davis also raised an issue of fact as to causation, with her treating orthopedist's opinion attributing her injuries to the accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Williams v Perez, 92 AD3d 528, 529 [2012]). Moreover, Davis was relatively young at the time of the accident, and there is no evidence in the record that before then she had had any injuries or treatment (see Vera v Islam, 70 AD3d 525 [2010]; June v Akhtar, 62 AD3d 427 [2009]).

Plaintiff alleges that she was confined to home and could not work for over three months. She further alleges that her doctors told her she could not lift heavy items, which was a required part of her job. Thus there are issues of fact as to her 90/180 day claim. Concur—Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.