Order, Supreme Court, Bronx County (Diane A. Lebedeff, J.), entered May 11, 2011, which granted defendants’ motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion insofar as it is addressed to plaintiff’s allegations that he suffered a serious injury comprising a significant limitation of use of a body organ, member, function or system or a permanent consequential limitation of use of a body function or system, and otherwise affirmed, without costs.
By submitting in support of their summary judgment motion the expert medical reports of a neurologist finding normal ranges of motion, as well as the report of a radiologist who opined that changes shown in the MRIs of the then obese 32-year-old plaintiff were degenerative, defendants made a prima facie showing of entitlement to summary judgment as to plaintiffs claims that he suffered “significant limitation of use” or “permanent consequential limitation of use” of his cervical, thoracic and lumbar spine and right and left knee as a result of a motor vehicle accident that occurred on July 30, 2009 (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [2011]; In *841 surance Law § 5102 [d]). Plaintiff successfully opposed this aspect of the motion, however, by submitting competent expert evidence that raised triable issues of fact as to whether the accident caused a “significant limitation of use” or “permanent consequential limitation of use” of his left knee. In addition to affirmed expert reports concluding that the range of motion in the left knee was significantly limited, Dov J. Berkowitz, M.D., an orthopedic surgeon, opined in his affirmed report that, after he performed arthroscopic surgery on the knee, it continued to manifest hypertrophic synovitis and chondral erosion of the patella-femoral joint. Dr. Berkowitz further opined that the injury to the left knee was permanent and was related to the accident, a view supported by his report that the symptoms of which plaintiff complains did not arise until the accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Since plaintiffs evidence raised a triable issue as to whether the accident caused a serious injury to his left knee within the meaning of the statute, it is unnecessary to address whether his proof with respect to other alleged injuries would have been sufficient to withstand defendants’ motion for summary judgment (see Linton v Nawaz, 14 NY3d 821 [2010]).
While we otherwise reinstate the complaint, we affirm the dismissal of plaintiffs 90/180-day claim on the ground that the claim was refuted by plaintiff’s own deposition testimony, inasmuch as he testified that he did not miss any time from work, since his duties at work were “modified.” Working “light duty” is fatal to a 90/180-day claim (see Williams v Perez, 92 AD3d 528, 529 [2012]; Tsamos v Diaz, 81 AD3d 546, 547 [2011]). Concur — Mazzarelli, J.P., Friedman, Richter and Manzanet-Daniels, JJ.