Adama Njie, Appellant, v Larry S. Thompson, Respondent. [951 NYS2d 517]—

Defendant made a prima facie showing of entitlement to summary judgment as to plaintiff's claims of "significant limitation of use" of his right shoulder (Insurance Law § 5102 [d]; *see Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590 [1st Dept 2011]). Defendant submitted an expert medical report finding normal ranges of motion, as well as the report of a radiologist who opined that the MRI of plaintiff's shoulder revealed no abnormalities.

In opposition, plaintiff raised a triable issue of fact, since his treating physicians found a tear in his right shoulder (*see Duran v Kabir*, 93 AD3d 566, 567 [1st Dept 2012]; *Peluso v Janice Taxi Co., Inc.*, 77 AD3d 491, 492 [1st Dept 2010]), and recent range of motion limitations in his right shoulder (*see Jacobs v Rolon*, 76 AD3d 905 [1st Dept 2010]).

Since the Court of Appeals rejected "a rule that would make contemporaneous quantitative measurements a prerequisite to recovery," there was no requirement that the treating physician set forth any objective test that would have been used at that time (*see Perl v Meher*, 18 NY3d 208, 218 [2011]). Dr. Cortijo's report of an examination the day after plaintiff's accident established the requisite causation (*id.* at 217-218 ["a contemporaneous doctor's report is important to proof of causation"] [emphasis omitted]); plaintiff was not required to submit evidence of any quantified range of motion testing performed at that time (*see Biascochea v Boves*, 93 AD3d 548, 548-549 [1st Dept 2012]).

We note that if plaintiff prevails at trial on his serious injury claims, he will be entitled to recovery also on his non-serious injuries caused by the accident (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548 [2010]). Concur—Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.