*422 Defendant made a prima facie showing of entitlement to summary judgment as to plaintiffs claims of “significant limitation of use” of his right shoulder (Insurance Law § 5102 [d]; see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590 [1st Dept 2011]). Defendant submitted an expert medical report finding normal ranges of motion, as well as the report of a radiologist who opined that the MRI of plaintiff’s shoulder revealed no abnormalities.
In opposition, plaintiff raised a triable issue of fact, since his treating physicians found a tear in his right shoulder (see Duran v Kabir, 93 AD3d 566, 567 [1st Dept 2012]; Peluso v Janice Taxi Co., Inc., 77 AD3d 491, 492 [1st Dept 2010]), and recent range of motion limitations in his right shoulder (see Jacobs v Rolon, 76 AD3d 905 [1st Dept 2010]).
Since the Court of Appeals rejected “a rule that would make contemporaneous quantitative measurements a prerequisite to recovery,” there was no requirement that the treating physician set forth any objective test that would have been used at that time (see Perl v Meher, 18 NY3d 208, 218 [2011]). Dr. Cortijo’s report of an examination the day after plaintiff’s accident established the requisite causation (id. at 217-218 [“a contemporaneous doctor’s report is important to proof of causation”] [emphasis omitted]); plaintiff was not required to submit evidence of any quantified range of motion testing performed at that time (see Biascochea v Boves, 93 AD3d 548, 548-549 [1st Dept 2012]).
We note that if plaintiff prevails at trial on his serious injury claims, he will be entitled to recovery also on his non-serious injuries caused by the accident (see Linton v Nawaz, 14 NY3d 821 [2010]; Rubin v SMS Taxi Corp., 71 AD3d 548 [2010]). Concur — Friedman, J.E, Acosta, Ren wick, Richter and AbdusSalaam, JJ.