Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about March 10, 2011, which, in an action for personal injuries sustained in a motor vehicle accident, granted defendant’s motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.
Defendant demonstrated that the injuries plaintiff sustained to his left shoulder and to his lumbar and cervical spines were not serious within the meaning of Insurance Law § 5102 (d). Defendant submitted evidence, including the affirmed reports of a radiologist and an orthopedist, showing that the injuries were not caused by the accident, but were degenerative conditions that preexisted the accident (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]).
On this record, triable issues of fact exist. A report of an MRI conducted of plaintiff’s left shoulder on December 15, 2008, only five weeks after the accident, revealed a partial high-grade tear of the supraspinatus musculotendinous junction and a partial intrasubstance tear of the attachment of the infraspinatus tendon, which the radiologist opined were “post-traumatic with [a] high-degree [sic] of certainty.” Elaintiff’s orthopedic *491 surgeon, who performed arthroscopic surgery on him on January 27, 2009, observed the relevant musculature with his own eyes, and opined that plaintiff suffered from a torn rotator cuff and impingement causally related to the accident. Although “[a] factfinder could of course reject this opinion” (see Perl v Meher, 18 NY3d 208, 219 [2011]), it cannot be said on this record, as a matter of law, that plaintiffs injuries had no causal connection to the accident.
Plaintiffs evidence showed that he tested positive for an impingement sign test, suffered persistent pain, and continued to exhibit range of motion deficits in his left shoulder even after undergoing arthroscopic surgery (see Paulino v Rodriguez, 91 AD3d 559 [1st Dept 2012]). The physicians also documented limitations in the cervical and lumbar spines (see Jang Hwan An v Parra, 90 AD3d 574 [1st Dept 2011]).
Defendant did not meet his initial burden with respect to plaintiffs 90/180-day claim, since the argument was raised for the first time in his reply papers (see Tadesse v Degnich, 81 AD3d 570 [1st Dept 2011]; McNair v Lee, 24 AD3d 159 [1st Dept 2005]). Since the burden never shifted to plaintiff, it is unnecessary to consider the sufficiency of his evidence in opposition (see Singer v Gae Limo Corp., 91 AD3d 526 [1st Dept 2012]). Concur—Andrias, J.P., Friedman and Freedman, JJ.
Moskowitz and Manzanet-Daniels, JJ., concur in a separate memorandum by Manzanet-Daniels, J., as follows: Defendant demonstrated that the injuries plaintiff sustained to his left shoulder and to his lumbar and cervical spines were not serious within the meaning of Insurance Law § 5102 (d). Defendant submitted evidence, including the affirmed reports of a radiologist and an orthopedist, showing that the injuries were not caused by the accident, but were degenerative conditions that preexisted the accident (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]).
Plaintiff, in turn, raised triable issues of fact. The record demonstrates that plaintiff was asymptomatic before the accident. Although plaintiffs physicians did not expressly address the conclusion that the injuries to the left shoulder and cervical spine were degenerative in origin, they attributed the injuries to a different, yet equally plausible cause, namely the accident (see Perl v Meher, 18 NY3d 208 [2011]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [2011]; Biascochea v Boves, 93 AD3d 548 [1st Dept 2012]; Williams v Perez, 92 AD3d 528 [2012]; Grant v United Pavers Co., Inc., 91 AD3d 499 [1st Dept 2012]).
In my view, the majority fails to appreciate the breadth of the *492 Court of Appeals’ holding in Perl. In Perl, the defendant’s expert opined that the etiology of certain injuries was degenerative. The plaintiffs physician countered that since the plaintiff was asymptomatic before to the accident and had not suffered any prior injuries that would result in the positive radiological findings, the findings were causally related to the accident (18 NY3d at 219). Given the unequivocal holding of the Court of Appeals that proof such as this on a plaintiffs part suffices to raise a triable issue of fact as to causation, our holding in this case ought not be limited in the manner suggested by the majority (see Perl, 18 NY3d at 218-219; Jeffers v Style Tr. Inc., 99 AD3d 576, 577 [1st Dept 2012]; Pannell-Thomas v Bath, 99 AD3d 485 [1st Dept 2012]; Pakeman v Karekezia, 98 AD3d 840, 841 [1st Dept 2012]; Martin v Portexit Corp., 98 AD3d 63, 67-68 [1st Dept 2012]; Davis v Alnhmi, 96 AD3d 507, 508 [1st Dept 2012]; Thompkins v Ortiz, 95 AD3d 418 [1st Dept 2012]; Vaughan v Leon, 94 AD3d 646, 648 [1st Dept 2012]; Biascochea, 93 AD3d at 549; Grant, 91 AD3d at 500).