Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about October 31, 2011, which granted defendants’ motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion insofar as it seeks to dismiss the claim of a significant limitation of use of a body organ, member, function or system or a permanent consequential limitation of use of a body function or system, and otherwise affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain a serious injury to his cervical spine by submitting an *606 orthopedic surgeon’s affirmed report stating that the range of motion limitations he found were not significant and that any cervical spine injury had resolved (see Canelo v Genolg Tr., Inc., 82 AD3d 584 [1st Dept 2011]). However, plaintiff raised an issue of fact by submitting the affirmed reports of his treating orthopedic surgeon and a radiologist who opined that, based upon the MRIs and examinations, the bulging cervical disc was causing plaintiff continuing limitations in range of motion in multiple planes (see Perl v Meher, 18 NY3d 208 [2011]; Williams v Perez, 92 AD3d 528 [1st Dept 2012]). Insofar as the motion court dismissed this claim based on an unexplained gap in treatment, it improperly relied on an argument raised by defendants for the first time in their reply papers (see Tadesse v Degnich, 81 AD3d 570 [1st Dept 2011]).
Since plaintiffs evidence raised a triable issue as to whether the accident caused a serious injury to his cervical spine within the meaning of the statute, it is unnecessary to address whether his proof with respect to other alleged injuries would have been sufficient to withstand defendants’ motion for summary judgment (see Linton v Nawaz, 14 NY3d 821 [2010]; Pakeman v Karekezia, 98 AD3d 840 [1st Dept 2012]). Concur — Andrias, J.E, Friedman, DeGrasse, Román and Gische, JJ.