Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered November 14, 2011, which denied defendant’s motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendant established prima facie his entitlement to judgment by showing that the injuries the 60-year-old plaintiff allegedly sustained to his cervical and lumbar spine and left knee were not serious injuries within the meaning of Insurance Law § 5102 (d). Plaintiff, however, has raised a triable issue of fact as to whether he sustained a serious injury of the left knee sufficient to defeat the motion. Plaintiff had no history of injury to the knee prior to the accident. The MRI of plaintiff’s knee, taken shortly after the accident in March 2006, revealed “an oblique tear of the posterior horn of the medial meniscus contacting the inferior surface.” Plaintiffs expert orthopedist, Dr. Lubliner, opined in a January 2011 report that the subject accident was the competent cause for injuries to plaintiffs left knee and the medial meniscal tear. He concluded that “[d]ue to the longevity of the symptomatology, the positive clinical findings and the positive MRI report,” that arthroscopic surgery was necessary to repair the torn medial meniscus. Five years after the accident, plaintiff experiences buckling of the knee with walking, and complains of difficulty going up and down stairs and in standing up from a seated position. By ascribing plaintiffs left knee injury to a different, yet equally plausible cause, the affirmations of plaintiffs experts suffice to raise an issue of triable fact (see Perl v Meher, 18 NY3d 208, 219 [2011]; *405 Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [2011]; Biascochea v Boves, 93 AD3d 548 [1st Dept 2012]; Williams v Perez, 92 AD3d 528 [1st Dept 2012]; Grant v United Pavers Co., Inc., 91 AD3d 499 [1st Dept 2012]).
We need not address plaintiffs additional injuries since he raised a triable question of fact as to whether he suffered a serious injury that was causally related to the accident {see Delgado v Papert Tr., Inc., 93 AD3d 457, 458 [1st Dept 2012]).
Plaintiffs loss of time from work for, at most, two weeks was not sufficient to raise an issue of fact as to his 90/180-day claim {see Arenas v Guarnan, 98 AD3d 461 [1st Dept 2012]; Williams v Baldor Specialty Foods, Inc., 70 AD3d 522, 522-523 [1st Dept 2010]).
We have considered defendant’s remaining contentions and find them unavailing.
Concur—Tom, J.E, Moskowitz, Richter, Manzanet-Daniels and Clark, JJ.