FIRST DEPARTMENT, NOVEMBER, 2015

(November 12, 2015)*

■ MODOU JALLOW, Appellant, v LUIS SIRI et al., Respondents. [20 NYS3d 20]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about August 12, 2014, which granted defendants' motion for summary judgment dismissing the complaint based on the lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Defendants made a prima facie showing of a lack of a "permanent consequential" or "significant" limitation of use of plaintiff's left knee and lumbar spine (Insurance Law § 5102 [d]), by submitting their orthopedist's report finding full range of motion in those body parts (*see Clementson v Price*, 107 AD3d 533, 533 [1st Dept 2013]), and by submitting the affirmed report of their radiologist who opined that the MRIs of those parts showed only degenerative conditions (see id.).

Plaintiff in turn raised a triable issue of fact as to whether

---

* Not published with other First Deparment decisions of November 12, 2015.

he sustained a serious injuries of the left knee and lumbar spine sufficient to defeat the motion (*see Caines v Diakite*, 105 AD3d 404 [1st Dept 2013]; *Malloy v Matute*, 79 AD3d 584, 584-585 [1st Dept 2010]; *Morris v Ilya Cab Corp.*, 61 AD3d 434 [1st Dept 2009]). Plaintiff, a 24-year-old male, had no history of injury to the knee or back prior to the accident on May 2, 2012. A July 25, 2012 MRI of plaintiff's spine revealed a herniation at the level of L5-S1. A July 2, 2012 MRI of plaintiff's knee revealed a "tear of the undersurface of the posterior horn of the medial meniscus," a "high grade partial tear of the anterior cruciate ligament," and "partial tears of the . . . lateral collateral ligaments." Plaintiff underwent arthroscopic surgery four months after the accident to repair the medial meniscal tear (*see Malloy*, 79 AD3d at 584-585).

Plaintiff's treating physiatrist and expert, Dr. Goldenberg, and his expert orthopedic surgeon, Dr. McMahon, opined that plaintiff's injuries were traumatically induced as a result of the accident, directly controverting defendants' experts' opinions that plaintiff's injuries were degenerative in origin and/or resolved.

Dr. Goldenberg opined that "[t]he fact that [plaintiff] continues to suffer from pain and limitation in motion after lengthy physical therapy indicates that his injuries and limitations are permanent." Dr. McMahon concurred that "[t]he fact that [the plaintiff] remains symptomatic to the point where he continues taking oral analgesics and wears a left knee brace, even after receiving ongoing physical therapy for a year, supports my opinion that his injuries are permanent." By ascribing plaintiff's lumbar spine and left knee injuries to a different, yet equally plausible cause, the affirmations of plaintiff's experts suffice to raise an issue of triable fact (*see Perl v Meher*, 18 NY3d 208, 219 [2011]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [1st Dept 2011]; *Biascochea v Boves*, 93 AD3d 548 [1st Dept 2012]; *Williams v Perez*, 92 AD3d 528 [1st Dept 2012]; *Grant v United Pavers Co., Inc.*, 91 AD3d 499 [1st Dept 2012]).

The affirmed reports of plaintiff's experts were admissible concerning the injuries to the left knee and lumbar spine, even though relying in part on unsworn contemporaneous MRI reports (*see Byong Yol Yi v Canela*, 70 AD3d 584 [1st Dept 2010]; *Rivera v Super Star Leasing, Inc.*, 57 AD3d 288, 288 [1st Dept 2008]). The MRI reports may be considered for the further reason that they were reviewed by defendants' experts in preparing their reports and submitted by defendants in support of their motion (*see Johnson v KS Transp. Inc.*, 115 AD3d 425 [1st Dept 2014]).

We have considered and rejected defendants' further arguments. We note that where a plaintiff has raised a triable issue of fact as to whether certain injuries constitute "serious injury" under the statute, he is also entitled to seek damages for other injuries caused by the accident that might not otherwise satisfy the statutory threshold (*see Pantojas v Lajara Auto Corp.*, 117 AD3d 577 [1st Dept 2014]; Caines, 105 AD3d at 404). Concur— Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2014 NY Slip Op 32147(U).]**