OPINION OF THE COURT
Lucy Billings, J.
I. Procedural Background
Plaintiffs sue for injuries from the New York City Police Department’s execution of a search warrant at plaintiffs’ apartment on October 27, 2005. Defendant Van Orden of the Police Department moves pursuant to CPLR 5015 (a) (1) to vacate a default judgment on his liability first entered against unidentified defendant, Detective No. 3, November 7, 2007 (Feinman, J.). (CPLR 3215.) In an order dated April 7, 2007, Justice Fein-man had permitted plaintiff to serve Detective No. 3 through the Police Commissioner and the City’s Corporation Counsel. (CPLR 308 [5]; see Henderson-Jones v City of New York, 87 AD3d 498, 500 [1st Dept 2011].) Detective No. 3, through the Corporation Counsel, opposed plaintiffs’ motion for a default judgment against him. Therefore, since the court did not grant the default judgment upon his default in opposing the motion, CPLR 5015 (a) (1) is unavailable to him as a basis for vacating the judgment. Van Orden needed to avail himself of CPLR 5015 (a) (2), (3), (4) or (5) or to appeal the judgment, but pursued none of these remedies. Moreover, he must show that his motion to vacate the judgment pursuant to section 5015 (a) (1) is within one year after service of notice of entry of the judgment.
Even were the court to consider Van Orden’s motion pursuant to one of those alternative provisions of CPLR 5015 (a), such a motion still must be served within a reasonable time after the judgment was entered. (Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225 [2013]; Mark v Lenfest, 80 AD3d 426, 426 [1st Dept 2011]; Maspeth Fed. Sav. & Loan Assn. v Sloup, 123 AD3d 672, 674 [2d Dept 2014]; City of Albany Indus. Dev. Agency v Garg, 250 AD2d 991, 993 [3d Dept 1998].) Van Orden’s identity was known at least by June 8, 2008, when Van Orden was deposed with representation by the Corporation Counsel, but he did not move to vacate the default judgment against him as the identified Detective No. 3. Nor did he do so *403 when the Corporation Counsel formally served a notice of appearance for Van Orden on July 6, 2009. In 2011, the Appellate Division, First Department, permitted substitution of Van Or-den for Detective No. 3 and observed that he was permitted to move to vacate the default judgment against Detective No. 3, but he still did not do so. (Henderson-Jones v City of New York, 87 AD3d at 500-501, 506.)
Upon remand, the court (Kern, J.) granted the default judgment on liability, previously awarded to plaintiffs against Detective No. 3, against Van Orden. On January 11, 2012, plaintiffs served the judgment against Van Orden with notice of entry on the Corporation Counsel who had appeared for him. Over three more years elapsed, during which he still did not move to vacate the default judgment.
II. Grounds for Van Orden’s Current Motion
Now, Van Orden ignores his unreasonable lateness and simply urges that the default judgment against him be vacated in the interests of justice because his employer, defendant City, answered timely and will be liable for his unlawful acts or omissions that Justice Feinman found Van Orden had committed when the court originally granted the default judgment. (CPLR 3215 [f]; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d at 226; Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Goldman v Cotter, 10 AD3d 289, 293 [1st Dept 2004]; Appalachian Ins. Co. v General Elec. Co., 8 AD3d 109, 109 [1st Dept 2004].) Plaintiffs, however, seek damages pursuant to 42 USC § 1983, for defendants’ violations of federal law. Defendant City may not be held liable for damages under section 1983 if they are caused by a City employee’s isolated acts or omissions. (Board of County Commrs. of Bryan County, Okla. v Brown, 520 US 397, 405 [1997]; Collins v City of Harker Heights, 503 US 115, 122 [1992]; Pembaur v City of Cincinnati, 475 US 469, 478 [1986].)
The City may be held liable for Van Orden’s violations of federal law only if plaintiffs establish that a policy, custom, or usage of the City or its Police Department produced Van Or-den’s deprivation of plaintiffs’ federal rights. (City of Canton, Ohio v Harris, 489 US 378, 385 [1989]; Ramos v City of New York, 285 AD2d 284, 302 [1st Dept 2001].) This standard imposes on plaintiffs a heavy burden of proof, met only by systemic evidence that was unnecessary, and would be unnecessary were the court to vacate the default judgment, to establish liability against Van Orden individually.
*404 Plaintiffs would need to demonstrate that Police Department officers’ unlawful practices, in depriving plaintiffs of federal rights, were so well ingrained or so persistent and widespread that City policy-making officials constructively acquiesced in those practices. (Connick v Thompson, 563 US 51, 60-61 [2011]; Board of County Commrs. of Bryan County, Okla. v Brown, 520 US at 404; Jett v Dallas Ind. Sch. Dist., 491 US 701, 737 [1989].) If plaintiffs demonstrated that the unlawful practices had become the Police Department’s standard operations, the City’s failure to train or supervise its officers so that they conducted their operations lawfully might amount to the City’s deliberate indifference to its officers’ deprivation of federal rights, subjecting the City to liability. (Connick v Thompson, 563 US at 61; City of Canton, Ohio v Harris, 489 US at 388; Bumbury v City of New York, 62 AD3d 621, 622 [1st Dept 2009]; Ramos v City of New York, 285 AD2d at 304.) The default judgment against Van Orden relieves plaintiffs of this burden for purposes of recovering against him.
Having obtained a default judgment against Detective No. 3, learned his identity, and observed that the City was defending him, plaintiffs had no need, during the long history of their disclosure efforts that ensued, to uncover the systemic evidence outlined above. Nothing in the record of this motion indicates that plaintiffs sought or obtained evidence that their injuries from police officers’ execution of a search warrant at their apartment were the product of a City policy, custom, usage, or ingrained, persistent, or widespread practice in which policy-making officials acquiesced. Nor does anything indicate that plaintiffs sought or obtained evidence of Van Orden’s unlawful conduct being part of the Police Department’s standard operations, resulting from its failure to train or supervise its officers in lawful operations, such that the City would share liability for an individual officer’s conduct. Although plaintiffs more recently obtained a judgment on the City’s liability, it does not include vicarious liability for Van Orden’s violation of federal law, to which vicarious liability does not apply.
Moreover, as long as Van Orden’s unlawful conduct was in the course of his employment and not in violation of any Police Department rule, indemnification by his employer protects him from personal financial exposure. (General Municipal Law § 50-k; Matter of Thomas v New York City Dept. of Educ., 96 AD3d 401, 402 [1st Dept 2012]; Harris v City of New York, 30 AD3d 461, 464-465 [2d Dept 2006]; see Matter of Salino v *405 Cimino, 1 NY3d 166, 171-172 [2003].) This protection holds true whether or not Van Orden’s conduct was a product of a City policy, custom, usage, or practice or was part of the Department’s standard operations, produced by its lack of training or supervision. Van Orden also may contest the extent of plaintiffs’ damages by cross-examining their witnesses and presenting evidence regarding mitigation. (Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880 [1985]; Rokina Opt. Co. v Camera King, 63 NY2d 728, 730-731 [1984]; Henderson-Jones v City of New York, 120 AD3d 1123, 1124 [1st Dept 2014]; Ruzal v Mohammad, 283 AD2d 318, 319 [1st Dept 2001].) Given all the opportunities, in fact invitations, afforded Van Orden between 2007 and 2013 to seek to reverse or vacate the judgment against him, as set forth above, and given his protection from personal financial exposure, his failure to avail himself of the applicable avenues for relief well may be construed as a tactical choice. (Koppell Riv. Realty, Inc. v Rodriguez, 85 AD3d 520, 520 [1st Dept 2011].)
Finally, even were the court to consider Van Orden’s motion to vacate the judgment against him pursuant to CPLR 5015 (a) (1), despite it having been granted over his opposition, and despite his motion’s untimeliness, the motion does not set forth a meritorious defense. Only in reply does he for the first time offer codefendant Sierra’s deposition testimony that plaintiff Henderson-Jones invited the police officers executing the search warrant into plaintiffs’ apartment, and the officers conducted a cursory search that revealed a marijuana cigarette in plain view. (Sylla v Brickyard Inc., 104 AD3d 605, 606 [1st Dept 2013]; Calcano v Rodriguez, 103 AD3d 490, 491 [1st Dept 2013]; Martinez v Nguyen, 102 AD3d 555, 556 [1st Dept 2013]; JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012].) Even were the court to consider this belated evidence, it fails to support a defense to plaintiffs’ claims that Henderson-Jones was charged with possession of marijuana in a public place', threatened with the loss of her apartment and children; threatened by Van Orden’s subordinate officer pointing a gun at her, in Van Orden’s presence; and subjected to two body cavity searches. (Henderson-Jones v City of New York, 87 AD3d at 499.)
III. Conclusion
For all these reasons, defendant Van Orden’s motion pursuant to CPLR 5015 (a) (1) to vacate the default judgment on his *406 liability is unreasonably late and lacking in grounds for such belated vacatur. Therefore the court denies his motion.