Portillo v Island Master Locksmith, Inc. (2018 NY Slip Op 02423)





Portillo v Island Master Locksmith, Inc.


2018 NY Slip Op 02423


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6113 302798/15

[*1]Jose Portillo, Plaintiff-Respondent,
v
Island Master Locksmith, Inc., et al., Defendants-Appellants.


Picciano & Scahill, P.C., Bethpage (Andrea E. Ferrucci of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about June 9, 2017, which denied defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleges that he was knocked off his bicycle by a van owned by defendant Island Master Locksmith and operated by defendant Mallon.
With respect to the permanent consequential limitation of use and significant limitation of use categories, defendants satisfied their prima facie burden of showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2003]).
In opposition, plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his right shoulder, cervical spine and lumbar spine (see Perl v Meher, 18 NY3d 208, 218—219 [2011]; Alozie v Tempesta & Son Co., Inc., 83 AD3d 535 [1st Dept 2011]). On the record before us, the affirmed report of plaintiff's treating physician was admissible concerning the injuries to the right shoulder, cervical spine and lumbar spine, even though relying in part on unsworn MRI and medical reports and records (see Jallow v Siri, 133 AD3d 1391, 1392 [1st Dept 2015]; Byong Yol Yi v Canela, 70 AD3d 584 [1st Dept 2010]; Rivera v Super Star Leasing, Inc., 57 AD3d 288 [1st Dept 2008]). Plaintiff's treating physician sufficiently addressed defendants' experts' findings of degeneration by opining that the injuries to the otherwise asymptomatic plaintiff were consistent with and causally related to the accident (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]).
We have considered defendants' other arguments, including those related to the 90/180 category, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK