**Hodong Lee v Hernandez**

2025 NY Slip Op 30977(U)

March 25, 2025

Supreme Court, New York County

Docket Number: Index No. 151322/2023

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JAMES G. CLYNES                          PART                22

*Justice*

-----------------------------------------------------------------------X

HODONG LEE,

                        Plaintiff,

                  - v -

LORENZO HERNANDEZ, JOHN DOES 1-10 (SAID NAMES
BEING FICTITIOUS), XYZ CORP. 1-10 (SAID NAMES BEING
FICTITIOUS)

                     Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151322/2023 |
| MOTION DATE | 09/23/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on this motion to/for            JUDGMENT - SUMMARY        .

Upon the foregoing documents, Defendant's motion for summary judgment and dismissal of Plaintiff's Complaint on the grounds that Plaintiff fails to meet the serious injury threshold requirement under Insurance Law 5102 (d) is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a February 11, 2020 motor vehicle accident between a vehicle operated by Defendant Hernandez and a vehicle operated by Plaintiff. Plaintiff alleges in his Bill of Particulars that as a result of this accident, he sustained injuries to his cervical spine and lumbar spine that fall under the serious injury categories of Insurance Law 5102 (d).

Defendant relies on the independent medical evaluation of Dr. Pierce Ferriter, orthopedic surgeon, an independent radiology evaluation by Dr. Mark J. Decker, radiologist, and the examination before trial testimony of Plaintiff.

Dr. Ferriter examined Plaintiff on July 1, 2024 and concluded that Plaintiff's cervical spine sprain/strain, thoracic spine sprain/strain, and lumbar spine sprain/strain had resolved. Dr. Ferriter

151322/2023  LEE, HODONG vs. HERNANDEZ, LORENZO ET AL
Motion No. 001

Page 1 of 5

INDEX NO. 151322/2023

RECEIVED NYSCEF: 03/27/2025

measured Plaintiff's range of motion with a goniometer and compared values to normal as outlined in AMA Guidelines. Dr. Ferriter reported normal range of motion and negative orthopedic tests as to Plaintiff's cervical spine, thoracic spine, and lumbar spine. Based on his examination, Dr. Ferriter found that there is no orthopedic residual, disability, or permanency. Dr. Ferriter noted that Plaintiff is capable of working full time without restrictions and is able to perform normal activities of daily living without limitations.

Dr. Decker reviewed the MRI of Plaintiff's cervical spine and lumbar spine on March 30, 2024. As to the cervical spine, Dr. Decker reported disc bulges and herniations at various levels, which he noted are longstanding and not causally related to the subject accident, and straightening of the lordosis related to underlying degenerative disease. As to the lumbar spine, Dr. Decker reported facet hypertrophy and ligamentum flavum hypertrophy at various levels as well as disc bulge and epidural lipomatosis at L5-S1. Dr. Decker concluded that his findings are longstanding and not causally related to the date of the subject accident and he found no evidence to suggest that an acute traumatic injury was sustained.

Plaintiff testified that he was not confined to his bed or his home for any time due to the February 11, 2020 motor vehicle accident. Plaintiff testified that as a result of the accident he is limited in walking, standing, and bending of his neck, but there are no activities that he can no longer do. He further testified that he was involved two subsequent accidents.

In opposition, Plaintiff submits a copy of the police accident report, the MRI review reports by Dr. John M. Athas, neuroradiologist, the final evaluation report by Dr. Jun Yup Lee of JY Lee Chiropractic, and the report and amended report by Dr. John M. Owens of Holy Name Physicians.

Dr. Athas took and reviewed the MRIs of Plaintiff's cervical spine and lumbar spine. As to Plaintiff's cervical spine, Dr. Athas reported annular tears at C4-C5 and C6-C7. He also

151322/2023   LEE, HODONG vs. HERNANDEZ, LORENZO ET AL
Motion No. 001

Page 2 of 5

reported disc herniations with straightening of the cervical lordosis, which he noted suggests muscle spasm. As to Plaintiff's lumbar spine, Dr. Athas reported a disc bulge resulting in mild neural foraminal narrowing and mild to moderate lumbar dextroscoliosis.

Dr. Lee reported that Plaintiff had been undergoing chiropractic care at JY Lee Chiropractic since February 12, 2020 and that he returned for a final evaluation on March 15, 2021. He measured Plaintiff's range of motion with an inclinometer and reported that Plaintiff had a limitation in the range of motion of his cervical spine and lumbar spine, as well as positive orthopedic tests. Dr. Lee concluded that Plaintiff's injuries are permanent and are causally related to the subject accident.

As an initial matter, Defendant contends, in reply, that Dr. Lee's report is not properly authenticated as he is a chiropractor and pursuant to CPLR 2106, chiropractors are not afforded the privilege of making an affirmation without appearing before a notary or other official authorized to administer oaths or affirmations.

Plaintiff also attaches two reports by Dr. Owens. In reply, Defendant contends that Dr. Owen's initial report must be rejected as Dr. Owens fails to indicate how he measured range of motion and failed to mention the two subsequent collisions that Plaintiff testified to in his examination before trial. Defendant also contends that Dr. Owen's disclaimer "dictated, but not read," has no probative value.

In a letter to the Court dated October 18, 2024, Plaintiff submitted an amended report by Dr. Owens. In a letter to the Court also dated October 18, 2024, Defendant contends that the amended report was improper and must be rejected because the updated report responds directly to the points raised by Defendant in reply. In an additional letter from Plaintiff's counsel dated October 18, 2024, they contend that they filed opposition to Defendant's premature motion based

151322/2023  LEE, HODONG vs. HERNANDEZ, LORENZO ET AL
Page 3 of 5
Motion No. 001

[* 3]
3 of 5

upon the discovery it had at the time and Plaintiff should not be prejudiced because he obtained additional documents while still within the discovery period.

While Defendant is correct that a sur-reply is not permitted under CPLR 2214, within the Court's discretion, the Court will consider the amended report (*Gastaldi v Chen*, 56 AD3d 420 [2d Dept 2008]).

Dr. Owens evaluated Plaintiff on February 11, 2020 and concluded that Plaintiff's injuries were a direct result of the subject motor vehicle accident. Dr. Owens measured Plaintiff's range of motion with a goniometer and reported limitation as to Plaintiff's cervical spine and lumbar spine. Dr. Owens further diagnosed Plaintiff with herniated discs with annular tears in Plaintiff's cervical spine, as well as an annular bulge in Plaintiff's lumbar spine. Dr. Owens noted that damaged discs lose mobility, which increases stress on adjacent levels leading to premature degeneration, and is particularly problematic for Plaintiff given his young age. Dr. Owens concluded that Plaintiff's injuries are permanent and will not function normally despite treatment to date and any further treatment.

Plaintiff has raised sufficient issues of fact to preclude summary judgment in Defendant's favor (*Williams v Perez*, 92 AD3d 528, 529 [1st Dept 2012]; *Perl v Meher*, 18 NY3d 208 [2011]; (*Lee Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [1st Dept 2011]).

With regard to the final category claimed under Insurance Law 5102 (d), 90/180 days, a plaintiff must submit objective medical evidence to establish a claim, namely that s/he was prevented from performing substantially all usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*Elias v Mahlah*, 58 AD3d 434 [1st Dept 2009]). Here, Plaintiff did not submit any objective medical evidence of a substantial physical limitation during the requisite time period. Plaintiff testified at his

[* 4]

examination before trial that he was not confined to his bed or home following the accident. Plaintiff's subjective complaints of pain and limitation, without more, do not rise to the level of a "serious injury" within this category of Insurance Law 5102 (d).

Accordingly, it is

**ORDERED** that Defendant's motion for summary judgment and dismissal of Plaintiff's Complaint on the grounds that Plaintiff fails to meet the serious injury threshold requirement under Insurance Law 5102 (d) is denied except as to the 90/180 days category; and it is further

**ORDERED** that within 30 days after entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| 3/25/2025 | *James G. Clynes* |
| DATE | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151322/2023  LEE, HODONG vs. HERNANDEZ, LORENZO ET AL**
Motion No. 001

Page 5 of 5

[* 5]