■ HANNAH JACOBS, Appellant, v CHRISTOPHER SLAGHT, Respondent. [850 NYS2d 166]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated December 29, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The plaintiff was operating her vehicle when she was involved in an accident with another vehicle operated by the defendant. The plaintiff alleged that she sustained various injuries as a result of the accident, and commenced the instant action against the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

The defendant met his prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff contends that she sustained a significant limitation of use of her left wrist as a result of the accident, yet she failed to provide any medical report or record which included an examination showing the degree or extent of any physical limitation in the use of her left wrist (*see Ali v Mirshah*, 41 AD3d 748, 749 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]). The mere existence of carpal tunnel syndrome is not evidence of a serious injury in the absence of objective testing of the extent and duration of the alleged physical limitations resulting from the injury (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Tobias v Chupenko*, 41 AD3d 583, 584 [2007];

*Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The plaintiff's medical submissions failed to establish objective evidence of the extent and duration of the alleged physical limitations resulting from any injuries to her left wrist. The report of Dr. Itzhak Haimovic, one of the plaintiff's treating neurologists, was without any probative value since it was unaffirmed (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Rodriguez v Cesar*, 40 AD3d 731, 732-733 [2007]). Crane, J.P., Fisher, Ritter, Covello and Dickerson, JJ., concur.