■ RAFAEL FRIAS, Respondent, v CLAUDETTE JAMES et al., Appellants. [895 NYS2d 335]—

Defendants failed to establish their prima facie entitlement to judgment as a matter of law with respect to plaintiff's claims under the "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system" categories of serious injury under Insurance Law § 5102 (d). In support of their motion, defendants submitted evidence that plaintiff was suffering from restrictions of motion in his lumbar spine, and the opinion of defendants'

examining neurologist that such restrictions were attributed to degenerative causes. That opinion, however, was conclusory as it was advanced without any elaboration and without any reference to degeneration in the MRI reports reviewed (*see Pommells v Perez*, 4 NY3d 566, 577-578 [2005]; *June v Akhtar*, 62 AD3d 427, 428 [2009]). In view of the foregoing, it is not necessary to consider whether plaintiff's opposition with respect to those claims was sufficient to raise a triable issue of fact (*see Glynn v Hopkins*, 55 AD3d 498 [2008]).

However, plaintiff's claim of serious injury under the 90/180-day category should have been dismissed. Plaintiff's bill of particulars that was submitted with defendant's motion failed to demonstrate that substantially all his usual activities were curtailed during the requisite time period (*see Licari v Elliott*, 57 NY2d 230, 238-239 [1982]; *Uddin v Cooper*, 32 AD3d 270, 271-272 [2006], *lv denied* 8 NY3d 808 [2007]), and plaintiff has failed to address this issue on appeal. Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ.