Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 11, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion denied to the extent it sought dismissal of plaintiff’s claim that she suffered “permanent consequential” and “significant limitation” injuries to her knees and lumbar spine, and otherwise affirmed, without costs.
Elaintiff alleges that she sustained serious injuries when, while she was sitting in a restaurant, a car owned and driven by defendants crashed through a window and hit her. The record shows that defendants established prima facie absence of a serious injury to either knee by submitting the affirmed reports of their orthopedist who found full range of motion in both knees, and of their radiologist who found degeneration and absence of acute traumatic injuries (see Dorrian v Cantalicio, 101 AD3d 578 [1st Dept 2012]; Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]).
*528 In opposition, plaintiff raised a triable issue of fact as to whether she sustained a “significant” or “permanent consequential limitation of use” of her knees. Plaintiff’s evidence shows that she began treatment shortly after the accident and, when months of physical therapy did not help, she opted for surgery, which revealed meniscal tears in both knees. In her most recent examination, her surgeon found 15- to 20-degree limitations in active and passive range of motion testing in the knees with spasms and patellofemoral crepitus, and concluded that there was a “high likelihood” of the need for further treatment, including the possibility of knee replacement surgery (see Perez v Vasquez, 71 AD3d 531 [1st Dept 2010]).
Defendants failed to meet their prima facie burden of showing the absence of a serious injury to plaintiffs lumbar spine. Defendants’ orthopedist did not adequately explain his finding of a significant limitation in forward flexion (see Jackson v Leung, 99 AD3d 489 [1st Dept 2012]), and their neurologist’s conclusion, that the significant restriction plaintiff exhibited while performing a straight-leg raising test in a standing position was voluntary, was not supported by an objective medical explanation (see Hi Ock Park-Lee v Voleriaperia, 67 AD3d 734 [2d Dept 2009]). Furthermore, the conclusion of defendants’ radiologist that the lumbar disc herniations reflected in plaintiffs MRI films were “unlikely” related to acute traumatic injury since such findings are “common” in the asymptomatic population is insufficient to establish absence of causation as a matter of law. Because defendants did not meet their prima facie burden as to the lumbar spine, we need not consider plaintiffs opposition as to this part of the body (see Feaster v Boulabat, 77 AD3d 440, 441 [1st Dept 2010]).
Defendants established entitlement to dismissal of plaintiffs 90/180-day injury claim by submitting the portion of plaintiffs deposition testimony that she was confined to bed and home for three to four weeks immediately after the accident (see Bonilla v Abdullah, 90 AD3d 466, 468 [1st Dept 2011], lv dismissed 19 NY3d 885 [2012]). The report of one of plaintiffs orthopedists also indicated that plaintiff returned to work within 90 days of the accident. Plaintiff’s assertion that she could not perform her usual and customary daily activities during the requisite period is unsupported by objective medical evidence (see Mitchell v Calle, 90 AD3d 584, 585 [1st Dept 2011]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ.