■ KIM SWIFT, Appellant, v NEW YORK TRANSIT AUTHORITY et al., Respondents. [981 NYS2d 706]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 1, 2012, which granted defendants' motions for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to deny so much of the motions as sought to dismiss the claims of permanent consequential and significant limitations in use of the knees and a 90/180-day injury, and otherwise affirmed, without costs.

Defendants established prima facie the absence of serious injury to plaintiff's cervical spine by submitting their neurologist's report finding the full range of motion and an absence of neurological deficits therein (*Malupa v Oppong*, 106 AD3d 538 [1st Dept 2013]). The neurologist's explanation that the limitations in plaintiff's lumbar spine were subjective and secondary to her body habitus, the absence of spasms, and the negative straight leg raising bilaterally, establish prima facie the absence of permanent consequential or significant limitation in that part of the spine (*see Eichinger v Jone Cab Corp.*, 55 AD3d 364 [1st Dept 2008]). Defendants established prima facie that plaintiff's claimed injuries to her knees, as well as her cervical and lumbar spine, were not causally related to the accident by

submitting their radiologist's MRI reports finding long-standing degenerative changes consistent with plaintiff's age and body habitus (*see Santos v Perez*, 107 AD3d 572 [1st Dept 2013]).

Plaintiff failed to raise a triable issue of fact as to significant or permanent consequential limitations in her cervical or lumbar spine since her chiropractor's report is not notarized and is therefore inadmissible (*see Barry v Arias*, 94 AD3d 499, 500 [1st Dept 2012]). However, she raised a triable issue of fact as to her claimed knee injuries by submitting medical reports, in admissible form, by her orthopedic surgeon, Dr. Randall Ehrlich, who confirmed during arthroscopic surgery the existence of tears in both knees, and measured continuing significant limitations in range of motion and positive clinical test results in the knees. Both Dr. Ehrlich and the surgeon who performed a knee replacement operation on the right knee concluded that the persisting limitations and knee symptoms were permanent in nature and that plaintiff would require further knee surgery in the future (*see Collazo v Anderson*, 103 AD3d 527, 528 [1st Dept 2013]).

Plaintiff raised an issue of fact as to causation through her radiologist's findings and her orthopedist's opinion. The radiologist acknowledged degeneration but also found acute and superimposed tears and microfractures shown in the MRI films. Dr. Ehrlich's conclusion that plaintiff's underlying arthritic conditions were "quiescent" before the accident, and the surgeons' notations that the accident resulted in a "marked decrease in her ability to ambulate," "marked limitations in her gait," and an inability to return to work, sufficiently explain "how the subject accident reduced the functioning of the knee below the level of function that existed immediately prior to the accident" (*Suarez v Abe*, 4 AD3d 288, 289 [1st Dept 2004]; *see also Lugo v Adom Rental Transp., Inc.*, 102 AD3d 444, 446 [1st Dept 2013]). Dr. Ehrlich's report noting that he began treating plaintiff a month after the accident provides sufficient contemporaneous proof of injuries (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]; *Salman v Rosario*, 87 AD3d 482, 484 [1st Dept 2011]). Plaintiff's testimony that she was looking for a doctor who would accept her Medicaid plan adequately explained the gap in treatment between her initial visit to the surgeon and the knee replacement surgery in November 2010 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Plaintiff's medical evidence undermines defendants' other contentions as to gaps in treatment.

Dr. Ehrlich's report showing that plaintiff underwent arthroscopic knee surgery $2^{1}/_{2}$ and $3^{1}/_{2}$ months after the ac-

cident and the letter from plaintiff's employer terminating her employment due to her inability to return to work for more than a year sufficiently raise a triable issue of fact as to the existence of a 90/180-day injury (*see Van Norden-Lipe v Hamilton*, 294 AD2d 749 [3d Dept 2002]).

As the record does not reflect a total loss of use of her knees or her cervical or lumbar spine, plaintiff's claim under the permanent loss of use category should be dismissed (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]). We note, however, that if plaintiff prevails at trial on her other claims, she will be entitled to recover for all injuries caused by the accident (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549-550 [1st Dept 2010]). Concur—Acosta, J.P., Renwick, Feinman and Clark, JJ.