■ DARIUS CLIVE NEIL, Plaintiff, and JONATHAN CARNOT, Appellant, v COULIBALY TIDANI et al., Respondents. [3 NYS3d 587]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 16, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint based on plaintiff Jonathan Carnot's inability to demonstrate that he suffered a serious injury to his right knee within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied as to Carnot's claims that he suffered "permanent consequential" and "significant" limitation injuries to his right knee.

Defendants made a prima facie showing of entitlement to summary judgment based on their medical expert's findings of normal range of motion and that the MRI of plaintiff's right knee showed no evidence of traumatic injury (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590-591 [1st Dept 2011]). In opposition, plaintiff raised a triable issue of fact through the affirmed reports of his physician and surgeon, who found deficits in the range of motion of plaintiff's right knee during examinations, and a torn ligament in the right knee during surgery (*see Prince v Lovelace*, 115 AD3d 424 [1st Dept 2014]).

Plaintiff's range of motion limitations were sufficient to raise an issue for jury resolution as to whether the deficits were "significant" or "permanent consequential" limitations of use of his right knee, particularly where plaintiff had undergone a lengthy course of physical therapy, and his pain had persisted

to the point of needing surgery, which revealed the torn ligament (*see Collazo v Anderson*, 103 AD3d 527, 528 [1st Dept 2013]; *Perez v Vasquez*, 71 AD3d 531, 532 [1st Dept 2010]). Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.