MICHELLE D. JOHNSON, Appellant, et al., Plaintiff, v ALBERT SALAJ et al., Defendants, and MOHAMMED O. RAHMAN et al., Respondents. [13 NYS3d 418]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 4, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that she suffered a serious injury to her left knee or a 90/180-day injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motions as to plaintiff's claims of "significant" and "permanent consequential" limitations in use of her left knee, and otherwise affirmed, without costs.

Plaintiff alleges that she suffered serious injuries requiring arthroscopic surgery on her left knee as the result of a rear-end collision involving three cars. In order to meet their prima facie burden, defendants were required to demonstrate that plaintiff has not suffered a "serious injury," which they could do through medical affirmations concluding that no objective medical findings support her claim that she suffered an injury resulting in permanent or significant limitations in use of her knee, and, if objective evidence exists, that the injury was caused by a preexisting condition and not the accident (*see Neil v Tidani*, 126 AD3d 581 [1st Dept 2015]; *Spencer v Golden Eagle, Inc.*, 82 AD3d 589 [1st Dept 2011]).

In support of their motions for summary judgment, defendants submitted conflicting expert reports, and thus failed to meet their prima facie burden. While one orthopedic expert found full normal range of motion in the left knee, the other found limitations in range of motion which he did not otherwise explain (*compare Swift v New York Tr. Auth.*, 115 AD3d 507 [1st Dept 2014]). Moreover, both of the defendants' expert radiologists found that the MRI film showed objective evidence of injury, i.e., a partial thickness tear of the anterior cruciate ligament (ACL). While one of the experts opined that the injury was degenerative in origin, the other opined that the injury could have been caused either by the accident or by prior injury or surgery, if there were any evidence of prior injury or surgery.

Since defendants presented no evidence of any prior knee injury or surgery, the defense expert's opinion did not demonstrate as a matter of law that plaintiff's knee injury was not causally related to the accident (*see Fuentes v Sanchez*, 91 AD3d 418 [1st Dept 2012]). Thus, the burden did not shift to plaintiff to submit evidence sufficient to raise an issue of fact (*see Jackson v Leung*, 99 AD3d 489 [1st Dept 2012]).

Had the burden shifted, plaintiff raised an issue of fact through the affirmation of her orthopedic surgeon who reported findings of limited range of motion, as well as other signs of knee injury, both before the surgery and two years later. Further, he attributed the cause of the injury to the accident, noting the absence of any prior complaints of knee pain or dysfunction, which is sufficient to raise an issue of fact (*see Caines v Diakite*, 105 AD3d 404 [1st Dept 2013]).

As to the 90/180-day claim, defendants met their prima facie burden by relying on plaintiff's bill of particulars and deposition testimony (*see Komina v Gil*, 107 AD3d 596 [1st Dept 2013]). In opposition, plaintiff's physician stated that she was limited during the relevant period, but she presented no medical records from the relevant period showing that she was disabled and her concession that she was limited to home for only a short period and then returned to work undermines her claim that she was disabled from performing substantially all her usual and customary daily activities during said period (*see Vasquez v Almanzar*, 107 AD3d 538, 541 [1st Dept 2013]). Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.