GALE SANDY STEVENS, Appellant, v KELLA M. BOLTON, Respondent. (And a Third-Party Action.) [24 NYS3d 269]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 4, 2015, which granted defendant's motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claim of a "significant limitation" of use of the right shoulder, and otherwise affirmed, without costs.

Defendant established prima facie that plaintiff did not

sustain a "permanent consequential" or a "significant" limitation of use of the right shoulder through the report of her orthopedist, who found equal ranges of motion in the injured right shoulder and the uninjured left shoulder and no functional impairment of the right shoulder (*see Camilo v Villa Livery Corp.*, 118 AD3d 586 [1st Dept 2014]). Defendant established prima facie that there was no injury to plaintiff's right elbow or spine by submitting an orthopedist's report of normal ranges of motion and negative clinical test results (*see Sylla v Brickyard Inc.*, 104 AD3d 605 [1st Dept 2013]; *Barhak v Almanzar-Cespedes*, 101 AD3d 564 [1st Dept 2012]) and an MRI report by plaintiff's own radiologist finding desiccation in the spine and no herniations in the cervical spine (*see Ahmed v Cannon*, 129 AD3d 645 [1st Dept 2015]).

Plaintiff failed to raise a triable issue of fact as to a "permanent consequential limitation" of her shoulder, since the slight limitation in range of motion in one plane found recently by her orthopedic surgeon was minor (*Licari v Elliott*, 57 NY2d 230 [1982]; *Style v Joseph*, 32 AD3d 212, 214 n [1st Dept 2006]). However, plaintiff raised a triable issue of fact as to a "significant limitation" of use of her shoulder by submitting evidence of limitations in range of motion contemporaneous with the accident (*see Vasquez v Almanzar*, 107 AD3d 538, 539-540 [1st Dept 2013]) and her surgeon's report opining that there was a tear in the shoulder that was causally related to the accident, contrary to an earlier MRI that did not reveal that condition.

Plaintiff failed to raise a triable issue of fact as to her claimed elbow injury since she did not submit any objective evidence of injuries to the elbow, the unaffirmed medical reports failed to compare the measurements recorded in range of motion testing to normal values, and her orthopedic surgeon found a normal range of motion during his recent examination (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]; *Bent v Jackson*, 15 AD3d 46, 49 [1st Dept 2005]).

Plaintiff failed to raise a triable issue of fact as to her claimed cervical and lumbar spine injuries, since her physicians did not address defendant's proof of preexisting degeneration, which was shown in her own MRI reports (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]).

Defendant established that plaintiff sustained no 90/180-day injury by submitting plaintiff's deposition testimony that she missed less than 90 days of work (*see Williams v Perez*, 92 AD3d 528, 529 [1st Dept 2012]). Plaintiff contends that her

medical proof showing persisting pain and an extensive course of treatment is sufficient to raise an issue of fact, but this evidence does not show that she was prevented from performing any of her usual and customary daily activities during the relevant period (*Uddin v Cooper*, 32 AD3d 270 [1st Dept 2006], *lv denied* 8 NY3d 808 [2007]).

We note that if plaintiff establishes a significant limitation of use of her right shoulder, she may recover for all injuries causally related to the accident, even if they do not meet the serious injury threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]). Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.