■ JESUS CORPORAN, Appellant, v ANITA ERICHSEN et al., Respondents. [49 NYS3d 678]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 13, 2016, which granted defendants' motion for summary judgment dismissing the action on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not suffer any permanent consequential limitation or significant limitations of use in his shoulder or spine, by submitting the affirmed reports of their experts, who found no limitations in those body parts, and who concluded that plaintiff's cervical and lumbar spine injuries were degenerative, and not causally related to the accident (*Johnson v Salaj*, 130 AD3d 502, 502 [1st Dept 2015]).

Plaintiff failed to raise any triable issues of fact. A tear in the shoulder, without any evidence of limitations, is insufficient to raise a triable issue of fact (*Acosta v Zulu Servs., Inc.*, 129 AD3d 640, 640 [1st Dept 2015]). Although plaintiff's expert measured significant limitations in his cervical spine shortly after the accident, plaintiff submitted no evidence that he continued to have range of motion deficits or qualitative limitations (*Luetto v Abreu*, 105 AD3d 558, 558 [1st Dept 2013]). Plaintiff's expert did not make any qualitative assessments or observations of limitations of plaintiff's lumbar spine until almost two years after the accident, which is insufficient to raise an issue of fact as to causation (*see Camilo v Villa Livery Corp.*, 118 AD3d 586, 586-587 [1st Dept 2014]).

Defendants made a prima facie showing that plaintiff did not suffer a serious injury under the 90/180-day category by submitting evidence that plaintiff did not miss any work as a result of the accident (*DaCosta v Gibbs*, 139 AD3d 487, 488 [1st Dept 2016]) and that plaintiff's cervical and lumbar spine injuries were not causally related to the accident (*Camilo*, 118 AD3d at 587). Given that plaintiff did not miss any work, plaintiff's affidavit and his expert's affidavit were insufficient to raise a triable issue of fact (*see Stevens v Bolton*, 135 AD3d 647, 648-649 [1st Dept 2016]; *see also Gorden v Tibulcio*, 50 AD3d 460, 463 [1st Dept 2008]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ. ■