■ JORGE D. SANTOS, JR., Respondent, v SHONA TRAYLOR-PAGAN, Appellant. [58 NYS3d 350]—

Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered February 4, 2016, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that he suffered a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendant established her entitlement to judgment as a matter of law by submitting the affirmed report of an orthopedist who found normal ranges of motion in the affected body parts i.e., the right elbow and wrist (*see e.g. Torres v Triboro Servs., Inc.*, 83 AD3d 563, 563-564 [1st Dept 2011]). Defendant was not required to submit the report of an expert neurologist as to plaintiff's claim of carpal tunnel syndrome in his right wrist, since it was not pleaded in the bill of particulars and was raised for the first time in opposition to the motion (*see Boone v Elizabeth Taxi, Inc.*, 120 AD3d 1143, 1144 [1st Dept 2014]). In any event, defendant's orthopedist found normal ranges of motion in plaintiff's right wrist and elbow, no atrophy in the muscles of the hand, and that Phalen's sign was negative (*see Jacobs v Slaght*, 47 AD3d 679 [2d Dept 2008]; *see also Kendig v Kendig*, 115 AD3d 438, 439 [1st Dept 2014]).

Plaintiff failed to raise a triable issue of fact as to whether his carpal tunnel syndrome was causally related to the accident (*Perl v Meher*, 18 NY3d 208, 217-218 [2011]). This Court, in *Rosa v Mejia* (95 AD3d 402, 404 [1st Dept 2012]), opined that the decision in *Perl* did not abrogate the need for at least a qualitative assessment of injuries soon after an accident. This Court then affirmed the dismissal of a plaintiff's case where the plaintiff had presented no admissible proof that she saw any medical provider for any evaluation until 5½ months after her accident (*id.*). Plaintiff here was treated on the date of the accident and released from the emergency room at Westchester Medical Center, where he was diagnosed with a right elbow laceration, which was treated with three sutures. He never had any further medical treatment until he first saw an orthopedist 13½ months after the accident, and then allegedly had a few months of physical therapy, although there are no details of any such therapy in the record. He did not see a neurologist about his carpal tunnel syndrome until almost four years after the accident (*see Camilo v Villa Livery Corp.*, 118

AD3d 586, 587 [1st Dept 2014] [plaintiff's orthopedic surgeon did not examine plaintiff until approximately 15 months after the accident, which was insufficient to raise an issue of fact as to causation]; *Henchy v VAS Express Corp.*, 115 AD3d 478, 479 [1st Dept 2014] [plaintiff did not receive treatment for her left knee until six months after the accident; this failure to provide contemporaneous objective evidence of injury to or limitations in the left knee was fatal to her claims]; *see also Stephanie N. v Davis*, 126 AD3d 502, 502-503 [1st Dept 2015]; *Linton v Gonzales*, 110 AD3d 534, 535 [1st Dept 2013]).

Plaintiff's remaining arguments are unavailing. Concur—Tom, J.P., Moskowitz, Gische and Kapnick, JJ.