■ STEPHANIE KAROUNOS, Respondent, v ATHANASIOS DOULALAS et al., Appellants. [61 NYS3d 8]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered May 17, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion as to the claims based on alleged injuries involving the right shoulder, right knee, and bilateral carpal tunnel syndrome, and otherwise affirmed, without costs.

Plaintiff alleges that, as the result of a motor vehicle accident that occurred on May 27, 2011, she suffered injuries to her cervical and lumbar spine, right shoulder, both wrists, and right knee. Plaintiff was involved in a previous accident in 2008 and a subsequent accident in 2012, which both involved claims of injury to her cervical and lumbar spine.

Defendants failed to meet their prima facie burden of establishing that plaintiff did not suffer any new or exacerbated injuries to her cervical and lumbar spine as a result of the 2011 accident. In support of their motion for summary judgment, defendants submitted the reports of an orthopedist and neurologist who opined that plaintiff suffered sprains to her cervical and lumbar spine as a result of the 2011 accident, which were "superimposed" on prior injuries, and that those injuries had resolved. However, their opinions that plaintiff's neck and back injuries had resolved were contradicted by their

own findings of significant limitations in range of motion of plaintiff's cervical and lumbar spine (*see Santos v New York City Tr. Auth.*, 99 AD3d 550 [1st Dept 2012]; *Feaster v Boulabat*, 77 AD3d 440, 440 [1st Dept 2010]). To the extent defendants' experts meant to attribute these limitations and injuries to preexisting conditions or to the subsequent 2012 accident, they did not do so clearly or unequivocally (*see Reyes v Diaz*, 82 AD3d 484, 484 [1st Dept 2011]). Further, their references to degenerative disc disease lacked a factual basis since neither physician reviewed the MRI films or cited any medical records evidencing degenerative disc disease in the spine (*see McCree v Sam Trans Corp.*, 82 AD3d 601, 601 [1st Dept 2011]; *Frias v James*, 69 AD3d 466, 467 [1st Dept 2010]).

Although both of defendants' experts noted that they had reviewed reports of MRIs performed after the 2008 accident, which showed preexisting disc bulges and herniations in the cervical and lumbar spine, they did not compare those reports to the reports of MRIs performed after the 2011 accident to demonstrate an absence of new injuries. Nor did defendants' physicians address plaintiff's claim that the 2011 accident aggravated or exacerbated her preexisting conditions (*see Sanchez v Steele*, 149 AD3d 458, 458 [1st Dept 2017]; *Becerril v Sol Cab Corp.*, 50 AD3d 261, 261-262 [1st Dept 2008]).

Since defendants did not meet their prima facie burden, the burden did not shift to plaintiff and defendants' motion for summary judgment was properly denied as to the cervical and lumbar spine claims, without the need to consider plaintiff's showing in opposition (*see Johnson v Salaj*, 130 AD3d 502, 503 [1st Dept 2015]).

However, as to plaintiff's remaining claims, defendants met their prima facie burden by showing the absence of limitations in range of motion and normal test results upon examination. In particular, plaintiff's injured shoulder had range of motion nearly identical to the uninjured shoulder, and negative results on tests of function (*see Stevens v Bolton*, 135 AD3d 647, 647-648 [1st Dept 2016]; *Camilo v Villa Livery Corp.*, 118 AD3d 586, 586 [1st Dept 2014]). The minor, limited range of motion in the knee did not constitute a serious injury (*see Aflalo v Alvarez*, 140 AD3d 434, 435 [1st Dept 2016]), and defendants' orthopedist found normal range of motion in the wrists, and Phalen's test and Tinel's sign were negative (*Santos v Traylor-Pagan*, 152 AD3d 406 [1st Dept 2017]; *see Jacobs v Slaght*, 47 AD3d 679 [2d Dept 2008]). Plaintiff failed to submit any medical evidence to raise an issue of fact as to these claims.

If plaintiff establishes a serious injury to her cervical or

lumbar spine at trial, she will be entitled to recover damages for any other injuries caused by the accident, even those that do not meet the serious injury threshold (*Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept 2010]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.