Curet v Kuhlor (2019 NY Slip Op 04273)





Curet v Kuhlor


2019 NY Slip Op 04273


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9471 304373/10

[*1]Elba Curet, Plaintiff-Appellant,
v
Shenelle D. Kuhlor, et al., Defendants, Marcel Hopkins, et al., Defendants-Respondents.


Hoberman & Trepp P.C., Bronx (Adam F. Raclaw of counsel), for appellant.
Fishkin & Associates, Brooklyn (Moya M. O'Connor of counsel), for Marcel Hopkins and Shantel L. Climeson, respondents.
Cheven, Keely & Hatzis, New York (Thomas Torto of counsel), for Louis A. Diaz-Colon and Roselio Vasquez-Diaz, respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about March 1, 2018, which granted defendants-respondents' motions for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion as to plaintiff's claim of significant limitation of use of her right shoulder, and otherwise affirmed, without costs.
Plaintiff alleges that she sustained serious injuries to her right shoulder and cervical and lumbar spine as the result of a motor vehicle accident. Regarding plaintiff's right shoulder, defendants failed to establish their prima facie entitlement to judgment as a matter of law. Defendants' radiologist, who reviewed MRIs taken shortly after the accident, found that there were no signs of post-traumatic changes attributable to the accident and opined that the conditions in the shoulder were degenerative. However, this conflicted with the findings of defendants' other experts that the injuries were causally related to the accident (see Johnson v Salaj, 130 AD3d 502, 503 [1st Dept 2015]). Moreover, although defendants' orthopedic surgeon examined plaintiff approximately three years after the accident and found that she had full range of motion in the shoulder, another orthopedist retained by defendants found significant limitations of the shoulder more than six years after the accident (see Karounos v Doulalas, 153 AD3d 1166 [1st Dept 2017]; Pineda v Moore, 111 AD3d 577 [1st Dept 2013]).
Even if defendants met their prima facie burden, plaintiff's opposition raised triable issues as to whether she sustained a significant limitation of use of the shoulder. Plaintiff submitted the affirmation of her first orthopedic surgeon who found significant limitations which required surgery, as well as evidence that she had limitations thereafter (see Kang v Almanzar, 116 AD3d 540, 541 [1st Dept 2014]. Furthermore, as to the issue of causation in light of defendants' radiologists' findings of a degenerative condition, plaintiff sufficiently addressed the issue through the report of her orthopedist, who diagnosed a rotator cuff tear, visualized during surgery, disagreed with the findings of degeneration by defendants' radiologist, and concluded that, in light of the lack of previous symptoms, plaintiff's shoulder conditions were causally related to the accident (see Perl v Meher, 18 NY3d 208, 219 [2011]; Giap v Hathi Son Pham, 159 AD3d 484, 486 [1st Dept 2018]).
As to the claims of injury to the cervical and lumbar spine, defendants made a prima facie showing through their orthopedic surgeon who found full range of motion three years after the accident and their doctors' opinions that all issues had resolved. Plaintiff failed to raise a triable [*2]issue of fact since her doctors did not opine on those claimed injuries, or address why they were not attributable to a previous accident (see Mitrotti v Elia, 91 AD3d 449, 450 [1st Dept 2012]).
Defendants were entitled to summary judgment dismissing the 90/180-day claim based on plaintiff's allegations and testimony that she was not confined to her bed or home for the requisite period within six months after the accident (see Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437-438 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK