Goldson v Mann (2019 NY Slip Op 04329)





Goldson v Mann


2019 NY Slip Op 04329


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9520 21551/15E

[*1]Gail Goldson, Plaintiff-Respondent,
v
Ronald Mann, M.D., Defendant-Appellant.


Pilkington & Leggett, P.C., White Plains (Michael N. Romano of counsel), for appellant.
The Law Offices of Christopher P. Di Giulio, P.C., New York (William Thymius of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 23, 2018, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to meet his prima facie burden of demonstrating that he did not depart from good and accepted medical practice in examining plaintiff during an independent medical examination (IME), or that any such departure was not a proximate cause of plaintiff's injury to her left shoulder (see Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]). Defendant's expert affirmation, which relied on defendant's testimony regarding his custom and practice of examining patients during his IMEs, was insufficient. Defendant's testimony did not establish a deliberate and repetitive practice sufficient to show evidence of his behavior during plaintiff's examination, as he testified that his examination varied depending on the examinee (see Rivera v Anilesh, 8 NY3d 627, 634 [2007]). Therefore, the expert's reliance on such testimony to conclude that defendant had not deviated from the accepted standard of care rendered his affirmation insufficient (compare id. at 635-636).
Defendant's expert also failed to establish that defendant did not cause or exacerbate plaintiff's left shoulder condition. He failed to address differences in plaintiff's MRI findings or statements made by plaintiff's treating physician, which suggested that plaintiff had suffered a new injury after the IME. The expert also ignored plaintiff's testimony that defendant had forcefully pushed her left arm over her head and caused a new injury (see Wasserman v Carella, 307 AD2d 225, 226 [1st Dept 2003]), and provided no support for his statement that plaintiff's post-IME injuries were degenerative in nature, and not traumatically induced (see Frias v James, 69 AD3d 466, 467 [1st Dept 2010]).
In light of defendant's failure to establish prima facie entitlement to summary judgment, plaintiff's opposition need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 [*2]NY2d 851, 853 [1985]). In any event, plaintiff's testimony and medical records clearly raised triable issues.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK