Riollano v Leavey (2019 NY Slip Op 04660)





Riollano v Leavey


2019 NY Slip Op 04660


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9597 302312/16

[*1]Martel Riollano, et al., Plaintiffs-Appellants,
v
James F. Leavey, Defendant-Respondent.


Krentsel & Guzman, LLP, New York (Steven E. Krentsel of counsel), for appellants.
Law Office of Brian Rayhill, Elmsford (Renaud T. Bleecker of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about January 24, 2018, which granted defendant's motion for summary judgment dismissing the complaint, and denied as moot plaintiffs' motion for partial summary judgment on the issue of liability, unanimously modified, on the law, defendant's motion denied as to plaintiff Ejamai Ovbude, Ovbude's claims as related to the cervical spine and lumbar spine reinstated, partial summary judgment on the issue of liability granted in his favor, and otherwise affirmed, without costs.
Defendant established prima facie that plaintiff Martel Riollano did not sustain serious injuries to his right shoulder by submitting the affirmed report of his orthopedic surgeon finding only minor limitations in the shoulder (see Licari v Elliott, 57 NY2d 230, 238-239 [1982]; Style v Joseph, 32 AD3d 212, 214 n* [1st Dept 2006]). In opposition, Riollano failed to raise a triable issue of fact. While his orthopedic surgeon found persisting limitations, the limitations were also minor, and insufficient to raise a triable issue of fact (see Stevens v Bolton, 135 AD3d 647, 648 [1st Dept 2016]; Rickert v Diaz, 112 AD3d 451, 452 [1st Dept 2013]).
Defendant established prima facie that plaintiff Ejamai Ovbude did not sustain serious injuries to his cervical or lumbar spine by submitting the sworn reports of his acupuncturist and chiropractor, and the affirmed report of his orthopedic surgeon, all finding normal range of motion and negative objective clinical test results, and opining that plaintiff's alleged injuries had resolved (see Holloman v American United Transp. Inc., 162 AD3d 423, 423 [1st Dept 2018]; Moreira v Mahabir, 158 AD3d 518, 518 [1st Dept 2018]). Ovbude raised a triable issue of fact by submitting the affirmed report of his orthopedic surgeon who, based on a recent evaluation, found persisting range of motion limitations and positive clinical test results, as well as MRI reports showing disc bulges with a hernation at C5-6, and nerve root impingement at L3 (see Toure v Avis Rent A Car Sys, Inc., 98 NY2d 345, 352-353 [2002]). The MRI reports, although unaffirmed, are admissible because they were not the sole basis for Ovbude's opposition to defendant's motion (see Clemmer v Drah Cab Corp., 74 AD3d 660, 661-662 [1st Dept 2010]). Contrary to defendant's contention, Dr. Hausknecht need not provide a quantified assessment of Ovbude's injuries upon his initial evaluation, and his recording of symptoms is sufficient (see Perl v Meher, 18 NY3d 208, 217-218 [2011]). Ovbude's testimony that his insurance stopped covering treatments adequately explained the gap in treatment (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906 [2013]).
As the record does not reflect a total loss of use any of the above parts of the body, plaintiffs' claims under the permanent loss of use category should be dismissed (see Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]).
In view of the reinstatement of Ovbude's claims as noted, we grant him summary judgment on the issue of liability. It is undisputed that defendant rear-ended Riollano's car while it was stopped, and defendant has not come forward with an adequate,
nonnegligent explanation for the accident (see Urena v GVC Ltd., 160 AD3d 467 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK