Jackson v Doe (2019 NY Slip Op 04765)





Jackson v Doe


2019 NY Slip Op 04765


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9609 302435/15

[*1]Andre Jackson, Plaintiff-Appellant,
v
" John Doe," the name "John Doe" being fictitious and intended to designate the person operating the automobile of said Juan Roman Martinez at the time and place herein alleged, Juan Roman Martinez, Defendant-Respondent, "John Doe 1," the name "John Doe 1" being fictitious and intended to designate the person operating the automobile of said Just Bagels Manufacturing Inc., at the time and place herein alleged, Just Bagels Manufacturing Inc., Defendant.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola (Cindy S. Simms of counsel), for appellant.
Robert D. Grace, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about August 31, 2018, which granted the motion of defendant Juan Roman Martinez for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that he suffered a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant satisfied his prima facie burden of showing that plaintiff did not sustain a serious injury to his cervical spine, lumbar spine or left wrist as a result of the 2013 motor vehicle accident. Defendant's neurologist found that plaintiff had full range of motion and negative test results in his cervical and lumbar spine, and that any injuries had resolved (see Alverio v Martinez, 160 AD3d 454 [1st Dept 2018]; Frias v Son Tien Liu, 107 AD3d 589 [1st Dept 2013]). Defendant's expert was not required to review plaintiff's medical records before forming his opinion (see Mena v White City Car & Limo Inc., 117 AD3d 441 [1st Dept 2014]). Defendant also relied on plaintiff's deposition testimony admitting that he returned to work full-time as a personal trainer within two months of the accident, received just three months of physical therapy and sought no further medical treatment following a November 2014 procedure to his lumbar spine. This testimony both defeats plaintiff's 90/180-day claim and demonstrates that his injuries were not serious, but were minor in nature (see Castro v DADS Natl. Enters., Inc., 165 AD3d 601, 602 [1st Dept 2018]; Frias v Son Tien Liu, 107 AD3d at 590). Defendant further pointed out that plaintiff was required to explain his extended gap in treatment following the November 2014 procedure (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff failed to raise a triable issue of fact. He provided no medical evidence of serious injury to his cervical spine or wrist, but only the report of his treating physician, who first examined plaintiff's lumbar spine six months after the accident. Neither plaintiff nor the physician explained plaintiff's two separate two-year gaps in treatment (see [*2]Pommells at 576; Alverio v Martinez, 160 AD3d at 455). Furthermore, in the absence of any admissible evidence of contemporaneous, post-accident treatment or evaluation of his alleged injuries, plaintiff failed to raise an issue of fact as to whether his conditions were causally related to the accident (see Santos v Traylor-Pagan, 152 AD3d 406 [1st Dept 2017]; Rosa v Mejia, 95 AD3d 402, 404 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK