Rosario v Gonzalez (2020 NY Slip Op 00492)





Rosario v Gonzalez


2020 NY Slip Op 00492


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10844 24128/17E 26989/16E

[*1] Fiordaliza Rosario, Plaintiff-Appellant,
v
Carlos David Duran Gonzalez, et al., Defendants-Respondents.


The Law Office of Charles C. DeStefano, Staten Island (Charles C. DeStefano of counsel), for appellant.
Majorie E. Bornes, Brooklyn, for Carlos David Duran Gonzalez
and Dennis Salinas, respondents.
James G. Bilello & Associates, Hicksville (Yamile Al-Sullami of counsel), for Juan Carlos Pichardo and Paulino Agramonte, respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered April 15, 2019, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint due to plaintiff's inability to demonstrate that she sustained a serious injury to her right knee within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants satisfied their prima facie burden of showing that plaintiff did not sustain a serious injury to her right knee by submitting the report of their orthopaedic surgeon, who found that she had normal range of motion in her right knee (see Diakite v PSAJA Corp., 173 AD3d 535 [1st Dept 2019]; Mendoza v L. Two Go, Inc., 171 AD3d 462 [1st Dept 2019]), and opined that plaintiff's emergency room records were inconsistent with her claimed right knee injury (see Streety v Toure, 173 AD3d 462 [1st Dept 2019]). Defendants also demonstrated that the claimed knee injury was not causally related to the accident by submitting the report of their radiologist, who found that the MRI of plaintiff's right knee showed degenerative conditions not related to the accident (see Rodriguez v Konate, 161 AD3d 565 [1st Dept 2018]). Defendants also submitted the operative report of plaintiff's orthopedic surgeon, which included findings of degenerative conditions and noted that plaintiff ceased treating about eight months after the accident.
In opposition, plaintiff failed to raise an issue of fact. Although her orthopedic surgeon found recent limitations in range of motion of her right knee that could be considered significant (see Collazo v Anderson, 103 AD3d 527, 528 [1st Dept 2013]), he provided only a conclusory opinion that her osteoarthritis was caused by the accident. He did not address the degenerative conditions he found during surgery or explain why plaintiff's current symptoms were not related to preexisting conditions (see Auquilla v Singh, 162 AD3d 463, 464 [1st Dept 2018]; Acosta v Traore, 136 AD3d 533, 534 [1st Dept 2016]).
Furthermore, the photographs submitted by plaintiff show that the scar on her right knee does not constitute a "significant disfigurement" within the meaning of Insurance Law § 5102(d) (see Hutchinson v Beth Cab Corp., 207 AD2d 283 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK