■ Linda D. McNair, Respondent, v Elvis Lee et al., Appellants. [805 NYS2d 67]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 21, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to satisfy their initial burden of making a prima facie showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Pommells v Perez, 4 NY3d 566, 574 [2005]). While defendants' physician diagnosed cervical and lumbosacral strain causally related to the accident, he did not indicate whether these conditions had resolved or could be causing plaintiff's claimed pain. He did measure certain ranges of motion of plaintiff's spine and assert that there was no disability, but he did not compare the ranges of motion to the normal until his reply affirmation. Similarly, it was not until his reply that he mentioned the MRI report documenting a herniation at T11-12 impinging on the anterior thecal sac, alleged by plaintiff to be a result of the accident. Matter improperly raised for the first time in a reply should be disregarded (see Ritt v Lenox Hill Hosp., 182 AD2d 560, 562 [1992]). In any event, an issue of fact would exist even if we were to consider the reply papers. Therein, defendants' physician did not deny the existence of the herniation, but claimed that it was not causally related to the accident and could not be a competent producing cause of plaintiff's complaints of pain. This was effectively challenged by plaintiff's treating physician, who performed both a contemporaneous and recent physical examination, on both occasions finding restricted movement in the lumbosacral spine as compared to the normal, and also noting positive straight leg raising tests (see Brown v Achy, 9 AD3d 30 [2004]). Pertinently, plaintiff's physician's most recent findings were either identical to or less restrictive than those found by defendants' physician. She opined that plaintiff sustained a central disc herniation impinging on the anterior thecal sac, confirmed by MRI, as well as thoracic and lumbar sprain/strain and bilateral peripheral neuropathy, all of which she attributed to the accident and correlated to plaintiff's limitations and complaints. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Catterson, JJ.