■ NIKITA L. LAZARUS, Appellant, v RAFAEL PEREZ et al., Respondents, et al., Defendant. [901 NYS2d 39]—

Order, Supreme Court, Bronx County (Nelson S. Román, J.), entered on or about May 22, 2008, which, to the extent appealable, denied plaintiff's motion to renew a prior order granting the motion by defendants Perez and Best Auto for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In the absence of new facts not offered on the prior motion that might have led to a different result (CPLR 2221 [e]), plaintiff's motion for renewal was properly denied (see Rosado v Edmundo Castillo Inc., 54 AD3d 278, 279 [2008]). Even were we to consider the merits, we would find plaintiff's argument without substance. Although plaintiff's contemporaneous medical records and reports from South Africa were neither certified nor sworn, plaintiff could rely upon them because defendants referred to these documents in support of their motion for summary judgment. Nevertheless, these doctors discerned no significant abnormalities and found plaintiff to be "free of any neurological signs." Nor do plaintiff's medical records contain any quantitative assessment of a loss of range of motion, spinal defects or other serious abnormalities. It is well settled that contemporaneous, objective proof of injury, such as an expert's designation of a numeric percentage loss of range of motion or the extent or degree of physical limitation, is necessary to satisfy the statutory serious injury threshold (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]).

Plaintiff's argument with regard to the 90/180 rule (Insurance Law § 5102 [d]) is similarly unavailing. Despite plaintiff's contention that she missed some time from college as a result of her accident, she failed to submit medical evidence to show that she could not perform "substantially all of the material acts which constitute [her] usual and customary daily activities" (id.) for not less than 90 of the first 180 days following the ac-

cident. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ.