■ RAHEL TADESSE, Respondent, v NABIL M. DEGNICH et al., Appellants, et al., Defendants. [917 NYS2d 569]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 28, 2010, which, insofar as appealed from, in this action for personal injuries sustained in a motor vehicle accident, granted plaintiff's motion to reargue a prior order granting defendants-appellants' motion for summary judgment dismissing the complaint as against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, upon reargument, vacated the prior order and denied appellants' motion for summary judgment, unanimously affirmed, with costs.

The motion court properly granted plaintiff's motion for reargument, since it had misapplied a "controlling principle of law" (*Foley v Roche*, 68 AD2d 558, 567 [1979]; *see* CPLR 2221 [d]). When dismissing the complaint as against appellants, the court improperly relied on the gap-in-treatment argument, which appellants raised for the first time in their reply papers (*see McNair v Lee*, 24 AD3d 159 [2005]). Indeed, the court determined that plaintiff had otherwise raised a triable issue of fact, but that her failure to address the gap in her treatment was "fatal" to her case. Concur—Mazzarelli, J.P., Andrias, Catterson, Moskowitz and Román, JJ.