AILEEN JOHNSON et al., Respondents, et al., Plaintiff, v FELIX E. GARCIA, Appellant. [919 NYS2d 13]—

Defendant established prima facie that plaintiff did not sustain a serious injury to her lumbar spine as a result of the March 26, 2003 accident. He submitted the reports of two doctors who concluded, based on their examinations of plaintiff, that the range of motion in her lumbar spine was normal and that any spinal strain or sprain had been resolved, and the reports of two other doctors, who concluded that the spinal condition was a preexisting degenerative condition that was not caused by the accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Shinn v Catanzaro*, 1 AD3d 195, 197 [2003]).

In opposition, plaintiff submitted objective medical evidence sufficient to raise factual issues as to the "permanent consequential limitation" or "significant limitation" categories of serious injury (Insurance Law § 5102 [d]). The affirmed report of Dr. John McGee, who examined plaintiff two days after the accident and noted a limited range of motion in plaintiff's lumbar spine, and the MRI of the spine, taken in May 2003 at Dr. McGee's request, which revealed "L5-S1 annular disc bulges with thecal sac compression," constitute objective medical evidence of a serious injury contemporaneous with the accident (*see Lazarus v Perez*, 73 AD3d 528 [2010]; *Prestol v McKissock*, 50 AD3d 600 [2008]). Dr. McGee's reports, the affirmed operative report of Dr. John Houten, who performed a discectomy on the L5-S1 area on March 29, 2007, and the affirmed report of Dr. Paul Lerner, who examined plaintiff in March 2009 and found a limited range of motion in the lumbar spine, provide objective evidence of the extent or degree of the physical limitation and its duration that is sufficient to defeat summary judgment (*see Noble v Ackerman*, 252 AD2d 392, 394 [1998]). The difference of opinion between Dr. Lerner and defendant's expert, Dr. David Milbauer, as to whether plaintiff's symptoms were proximately caused by the accident or result from a preexisting degenerative condition also raises triable issues of fact (*see Torain v Bah*, 78 AD3d 588, 588 [2010]).

Plaintiff does not oppose the dismissal of either her claim of serious injury of a permanent nature to the cervical spine or her claim of serious injury of a nonpermanent nature. In any event, as to the latter, the record establishes that plaintiff returned to work one or two days after the accident, and submitted no evidence of a medical determination that she was unable to engage in substantially all her usual and customary daily activities for 90 of the first 180 days after the accident (*see Blake v Portexit Corp.*, 69 AD3d 426, 426-427 [2010]). Concur—Andrias, J.P., Saxe, Friedman, Moskowitz and Richter, JJ.