■ Ernesto Amaro, Respondent, et al., Plaintiff, v American Medical Response of New York, Inc., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [952 NYS2d 184]—

Defendants made a prima facie showing of entitlement to summary judgment as to plaintiff's claims of "significant limitation of use" and/or "permanent consequential limitation of use" of her cervical and lumbar spine injuries (*see* Insurance Law § 5102 [d]). They submitted expert medical reports of a radiologist who opined that changes shown in MRIs of the lumbar spine of the then 26-year-old plaintiff were degenerative, and that the MRI of the cervical spine showed no injury (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590-591 [2011]).

In opposition, plaintiff submitted the affirmations of his physician, who found limitations in the range of motion of plaintiff's

cervical and lumbar spine shortly after the accident and five years later. Plaintiff also submitted the MRI reports of his radiologist noting disc bulges in the cervical spine and a herniated disc in the lumbar spine. This evidence raises triable issues of fact as to whether plaintiff sustained serious injuries of the cervical and lumbar spine (see Fuentes v Sanchez, 91 AD3d 418 [2012]; Johnson v Garcia, 82 AD3d 561 [2011]). Plaintiff's physicians also addressed the defense expert's findings of degeneration by opining that his injuries were causally related to the accident (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [2011]; Grant v United Pavers Co., Inc., 91 AD3d 499 [2012]).

Plaintiff did not submit any proof of a recent medical examination showing a loss of range of motion in his right knee (see Townes v Harlem Group, Inc., 82 AD3d 583 [2011]), or MRI evidence of his knee injuries. Nevertheless, once a serious injury is established, a plaintiff is entitled to recover damages for all injuries causally related to the accident, even those that do not meet the serious injury threshold (see Linton v Nawaz, 14 NY3d 821 [2010]; Rubin v SMS Taxi Corp., 71 AD3d 548 [2010]).

Defendants have not met their burden with respect to plaintiff's 90/180-day claim, since they first raised this claim in their reply papers (see Tadesse v Degnich, 81 AD3d 570 [2011]; McNair v Lee, 24 AD3d 159, 160 [2005]). Were we to address this claim, we would find it to be without merit (see Singer v Gae Limo Corp., 91 AD3d 526 [2012]). Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.