| Restrepo v Costa |
|:---:|
| 2025 NY Slip Op 31904(U) |
| May 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158632/2024 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**          PART          **39M**

*Justice*

---------------------------------------------------------------X

RICARDO RESTREPO,

|  |  |
|---|---|
| **INDEX NO.** | 158632/2022 |
| **MOTION DATE** | 08/06/2024 |
| **MOTION SEQ. NO.** | 001 |

Plaintiff,

- v -

DOREEN LEAVENS COSTA, HALEY MARIE TOBIN

**DECISION + ORDER ON MOTION**

Defendants.

---------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, the motion by Defendants DOREEN LEAVENS COSTA and HALEY MARIE TOBIN for summary judgment on the grounds that Plaintiff's claimed injuries do not satisfy the serious injury threshold under Insurance Law 5102 (d) are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a September 3, 2021 motor vehicle accident. Plaintiff's Bill of Particulars alleges injuries to his cervical spine, head, neck, and body and was required to undergo anterior cervical fusion surgery and that those injuries fall within the categories set forth under Insurance Law 5102 (d).

The burden rests upon the movant to establish that Plaintiff has not sustained a serious injury (*Love v Bennett*, 122 AD2d 728 [1st Dept 1986]). The burden shifts to Plaintiff to show he did sustain such injury or that there are questions of fact with objective proof of the injury to satisfy the statutory serious injury threshold (*see Martin v Schwartz*, 308 AD2d 318 [1st Dept 2003]).

In support of their motion, Defendants submit, in pertinent part, the affirmed independent medical examination report of Dr. Michael T. Goldstein, and the affirmed independent medical examination of Dr. Marc Agulnick, the radiology report of Dr. Margaret Whalen, the visit notes of Dr. Jose Rodriguez-Ospina, records from SightMD, the Clinical Report from Stony Brook Southampton Hospital, the NYU Langone Health System records, the follow-up records of Dr.

158632/2022  RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL
Motion No. 001 001

Page 1 of 5

Joseph Dryer, the biomechanical report of Andrew J. Rentschler, PhD, and the examination before trial testimony of Plaintiff.

Dr. Margaret Whalen's radiology report dated June 9, 2006, noted a "small convexed posterior margin" to the disc and noted findings felt most consistent with a small subligamentous herniated nucleus pulposus at the level of C5-6 and no herniated nucleus pulposus noted on C6-7.

The progress notes from NYU Langone note that Plaintiff is limited by cervical spine precautions, restricting participation in instrumental activities of daily living and meaningful roles and activities but also notes Plaintiff is independent with activities of daily living and notes there is no need for additional acute care of occupational therapy services.

Defendants also rely on medical records with progress notes by Dr. Joseph Dryer dated March 2, 2022. Dr. Dryer examined Plaintiff as a follow-up after the anterior cervical fusion at C5-6 and C6-7. Dr. Dryer reported that Plaintiff was pain-free for approximately three weeks following the surgery, with the exception of "the usual incisional and postoperative pain," then reported neck pain with intermittent left upper extremity radiculopathy. Dr. Dryer noted no evidence of myelopathy and some settling of the C6-7 graft. Dr. Dryer noted he expected Plaintiff's symptoms to resolve, and a reevaluation would be needed.

Defendants rely on Dr. Goldstein who reviewed relevant medical records and examination of Plaintiff including the verified Bill of Particulars, office visits notes, consultation reports, and surgical photographs. Dr. Goldstein reviewed the reports of Dr. Paul Choinski from examinations of the Plaintiff on September 29, 2014, December 29, 2014, June 23, 2015, September 10, 2015, April 19, 2016, October 31, 2016, June 19, 2017, April 30, 2018, August 16, 2018, and February 17, 2021. Dr. Goldstein reviewed the reports of Dr. Lawrence Buono who examined Plaintiff on August 2, 2021, August 9, 2021, and August 23, 2021. On September 17, 2021, Plaintiff was examined at Stony Brook Southampton Hospital and noted there was no ocular injury. Dr. Goldstein noted that no mention of eye trauma was made and stated that to a reasonable degree of medical certainty, there was no evidence of any injury related to the progression of Plaintiff's glaucoma. Plaintiff was examined at SightMD on October 11, 2021, October 21, 2021, November 26, 2021, January 21, 2022, May 3, 2022, September 23, 2022, January 10, 2023, and April 19, 2023. Dr. Goldstein opines to a reasonable degree of medical certainty that there is no evidence nor finding in his examination that there is injury related to the progression of Plaintiff's glaucoma.

158632/2022  RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL                    Page 2 of 5
Motion No. 001 001

2 of 5

[* 2]

Defendants rely on the report by Dr. Marc Agulnick who examined Plaintiff on November 27, 2023. Using a goniometer and comparing Plaintiff's ranges to AMA Fifth Edition normal references, Dr. Agulnick measured the range of motion of Plaintiff's lumbar spine and cervical spine. Dr. Agulnick reported flexion of the cervical spine was 30 degrees with a normal of 50 degrees, with extension of 40 degrees with a normal of 60 degrees. Dr. Agulnick's diagnoses included cervical degenerative disc disease, disc herniation at C5-6, cervical spine disc herniation at C6-7 status post-ACDF of C5-6 and C6-7, and cervical sprain resolved. He also reported that Plaintiff's reflexes were brisk in the upper and lower extremities bilaterally but symmetric. He noted that Plaintiff had a left-sided Hoffmann's sign and no Babinski's sign, and the straight leg raising signs were negative bilaterally. In his opinion, there were no signs of any true radiating radiculopathies, and his neurologic findings were not severe or causing any true disability in strength or function and there was no showing of imaging signs consistent with an acute disc herniation. Dr. Marc Agulnick reported that Plaintiff's cervical spine, thoracic spine, lumbar spine, and right knee injuries were all resolved and not caused by the accident on September 3, 2021. He further opined that Plaintiff had returned to his physical job and that following surgery there was no indication or reason to limit his work or put limitations on his work and his participation in all activities performed prior to the reported injury, without restrictions. He also found that there was no need for any further surgical intervention with no disability or permanent injury.

Finally, Defendants rely on the biomechanical report of Andrew J. Rentschler, PhD, who opined that based on his analysis, the low impact of the subject accident could not have caused Plaintiff's claimed injuries (*Peart v Carreras*, 227 AD3d 479 [1st Dept 2024]).

Defendants have met their initial burden of establishing that Plaintiff did not sustain serious injuries as a result of the accident under Insurance Law 5102 (d) (*Perez v Rodriguez*, 25 AD3d 506 [1st Dept 2006]) and shifted the burden to the opponent of the motion to establish, the existence of genuine issues of material fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986].

In opposition, Plaintiff relied on Plaintiff's deposition testimony, the affirmation and operative report by Dr. Joseph W. Dryer, the emergency room hospital records of Stony Brook Hospital, and the medical records of Dr. Rasel Rana. Plaintiff also relied on the testimony of R. Blandon, Plaintiff's employee, who testified that Plaintiff was not able to perform the physical labor required for his job.

158632/2022  RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL
Motion No. 001 001

Page 3 of 5

[* 3]

3 of 5

Dr. Joseph Dryer, a board-certified Orthopedic surgeon affirmed that Plaintiff, RICARDO RESTREPO was under his care on November 17, 2021. Dr. Dryer reviewed the Magnetic Resonance Image (MRI) of Plaintiff's cervical spine and right shoulder obtained on June 8, 2006, subsequent to a soccer incident in 2006. He noted multilevel disc degeneration but no acute trauma or injury. He noted small central disc herniation at C5-6 without spinal cord compression which was significantly larger with spinal cord compression in the MRI dated October 20, 2021. He also noted acute myelomalacia at C5-6 and smaller disc herniation at C6-7 not present (pre-existing) in the 2006 scans. Dr. Dryer noted the cervical range of motion was diminished in flexion and extension, Hoffmann's sign was negative and the Baskinski sign was absent. Dr. Dryer specifically addressed Dr. Agulnick's findings of degenerative disease opining that the Plaintiff developed exacerbation of the pre-existing herniation as a result of the accident with an acute finding which was not present in 2006 and was directly related to the accident of September 3, 2021.

Dr. Dryer diagnosed Plaintiff with cervical spinal cord compression and cervical myelopathy which required cervical surgery. Dr. Dryer performed anterior bi-level cervical discectomy and fusion at C5-6 and C6-7 with allograft and anterior instrumentation on December 21, 2021. Dr. Dryer saw Plaintiff post-operation and opined there was disc herniation present since 2006 but Plaintiff was asymptomatic and patient developed exacerbation of the pre-existing C5-6 disc herniation as a result of the September 3, 2021 accident with the presence of spinal cord myelomalacia and signal change, an acute finding.

This affirmed operative report of the surgeon, Dr. Dryer who performed the discectomy and examined the plaintiff constitutes objective medical evidence of serious injury contemporaneous with the accident and is sufficient to defeat summary judgment (*see Johnson v Garcia*, 82 AD3d 561 [1st Dept 2011]).

Dr. Dryer further opined that Plaintiff has a permanent cervical injury as a result of the accident on September 3, 2021, he has permanent cervical limitations and is not capable of full work responsibilities and the work restrictions are permanent.

Once a serious injury is established, Plaintiff can recover damages for all injuries that are causally related to the accident without meeting the serious injury threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept, 2010]). The opinion of Plaintiff's physician specifically addressed the degeneration findings, opining that Defendants' injuries were causally related to the accident and that they were previously asymptomatic, which is sufficient to raise an issue of fact as to

**158632/2022 RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL**
Motion No. 001 001

**Page 4 of 5**

[* 4]

4 of 5

causation, precluding summary judgment (*see Johnson v Garcia*, 82 AD3d 561 [1ˢᵗ Dept, 2011], *see Duran v Kabir*, 93 AD3d 566 [1ˢᵗ Dept 2012]; *Amaro v American Medical Response of New York, Inc.*, 99 AD3d 563 [1ˢᵗ Dept, 2012]).

With respect to the 90/180 days category of serious injury, Dr. Dryer's reported permanency of Plaintiff's injury and limitation is competent evidence that Plaintiff is still unable to perform substantially all his normal activities and was not able to perform his activities for at least 90 days of the first 180 days as a result of the accident. Plaintiff's testimony in his examination before trial stated that he could do no physical work or lifting and could only talk to his customers and order supplies and that he was out of the office for three months subsequent to the surgery. Plaintiff's testimony as to his restrictions in conjunction with Dr. Dryer's report has raised an issue of fact as to the 90/180 days category as well. Accordingly, it is,

**ORDERED** that the motion by Defendants DOREEN LEAVENS COSTA and HALEY MARIE TOBIN for summary judgment on the grounds that Plaintiff's alleged injuries fail to satisfy the serious injury threshold under Insurance Law 5102 (d) is denied; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| _5/30/2025_ | _JAMES G. CLYNES, J.S.C._ |
| **DATE** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158632/2022  RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL**
Motion No.  001 001

**Page 5 of 5**

5 of 5

[* 5]